RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com
Attorneys for Plaintiff Kenneth H. Shade

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENNETH H. SHADE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; DAVID BERNHARDT, in his official capacity as Secretary of the United States Department of the Interior; EUGENE R. PELTOLA, JR., in his official capacity as Regional Director of the Alaska Region, Bureau of Indian Affairs; and ELLAMAE A. CHANEY,<br><br>    Defendants. | **COMPLAINT FOR DECLARATORY JUDGMENT, MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES**<br><br>Case No. 3:20-cv-_____-\_\_\_ |

COMES NOW Plaintiff KENNETH H. SHADE, by his undersigned counsel, and states the following for his Complaint for Declaratory Judgment, Mandamus, and Injunctive Relief against Defendants UNITED STATES DEPARTMENT OF THE INTERIOR; DAVID BERNHARDT, in his official capacity

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-\_\_\_     Page 1 of 19

Case 3:20-cv-00198-HRH    Document 1    Filed 08/12/20    Page 1 of 19

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

as Secretary of the United States Department of the Interior; and EUGENE R. PELTOLA, JR., in his official capacity as Regional Director of the Alaska Region, Bureau of Indian Affairs. Additionally, pursuant to the Court's supplemental jurisdiction, Plaintiff states the following for his Complaint for Declaratory Judgment, Injunctive Relief and Damages against Defendant ELLAMAE A. CHANEY.

## INTRODUCTION

1. It is undisputed that when the Bureau of Land Management ("BLM") conveyed a Native allotment to Defendant Ellamae Chaney ("Chaney"), near Dillingham, Alaska, it inadvertently failed to state in the conveyance certificate that the Chaney allotment was subject to an existing access road to a nearby Native allotment that had been conveyed earlier to Henry Shade. BLM knew from its field work that the road, which crossed the Chaney allotment, was built by Henry Shade before Chaney began the use and occupancy of her allotment, and BLM knew that the road was the only practicable access to the Shade allotment. BLM, however, simply forgot to state in the Chaney allotment grant that it was subject to the Shade access road.

2. After Henry Shade died, his son, Plaintiff Kenneth Shade, attempted to subdivide his father's allotment so that it could be conveyed under his father's will to Plaintiff and his brother. Under that will, Plaintiff is to receive the Shade family house and ten acres surrounding it, and Plaintiff's brother is to receive the remainder of the

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-____   Page 2 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 2 of 19

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

160-acre allotment. However, that subdivision and the probate of Henry Shade's will have been put on hold because the Shade allotment lacks legally recognized access across the Chaney allotment.

3. Even though BLM inadvertently failed to state in the Chaney allotment conveyance that it was subject to the Shade access road, Plaintiff and his family still have the right to use that road as it crosses the Chaney allotment. That is the basis for this action before the Court. The Chaney allotment was conveyed under the Alaska National Interest Lands Conservation Act ("ANILCA"), which expressly provided that the conveyance was subject to "valid existing rights." The Shade access road, as it crossed the Chaney allotment, was such a "valid existing right" because the road was an implied right-of-way and easement by necessity appurtenant to the Shade allotment. Without use of that road, the Shade allotment is inaccessible and landlocked. The right to use the road to access the Shade allotment exists by operation of law, without the need for it to have been expressly recognized in the Chaney allotment certificate.

4. Plaintiff asked Chaney to acknowledge that the Shade access road was and is a "valid existing right" under ANILCA, to which her allotment is subject, but she refused to do so. Further, Chaney and those acting on her behalf have interfered with use by Plaintiff and others of the Shade access road. Finally, Chaney has rejected suggestions by the federal agencies to mediate this dispute. Because of Chaney's actions

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-___ Page 3 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 3 of 19

and failure to act, Plaintiff is unable to receive title to his portion of his father's allotment, Plaintiff is unable to obtain financing or insurance for the house, and Plaintiff and his family are unable to live in the house that he was intended to inherit.

5. The Regional Director of the Alaska Region of the Bureau of Indian Affairs ("Regional Director") has a trust duty to Plaintiff, as an Alaska Native inheriting a portion of a restricted Native allotment, to protect his rights in that allotment. Plaintiff asked the Regional Director to recognize that the Shade access road, where is crosses the Chaney allotment, is a "valid existing right" under ANILCA, to which the Chaney allotment is subject. The Regional Director did not dispute Plaintiff's right to use the road. However, the Regional Director took the position that she lacked the authority to affirmatively recognize the right-of-way and easement. On administrative appeal, the Interior Board of Indian Appeals ("IBIA") affirmed that determination of limited authority.

6. Plaintiff has now exhausted his administrative remedies, and he brings this action before the Court for review of the above decision of the Regional Director. Plaintiff believes that the Regional Director has a trust duty and the authority to recognize that the Shade access road, as it crosses the Chaney allotment, is a "valid existing right" under ANILCA, to which that allotment is subject. Plaintiff does not

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-___    Page 4 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 4 of 19

seek an award of damages against the Regional Director or any of the federal defendants.

7. Even if the Court agrees with the Regional Director's determination of limited agency authority, the Court's authority to decide this matter is broader than that of the Regional Director. Plaintiff has named Chaney as an additional defendant in this action, and the Court has supplemental jurisdiction to adjudicate Plaintiff's claims asserted directly against her. Irrespective of the Court's ruling regarding the authority of the Regional Director, the Court has the authority and jurisdiction to rule, as to Plaintiff's claims against Chaney, that the Shade access road, as it crosses the Chaney allotment, was and is a "valid existing right" under ANILCA, to which her allotment is subject. Additionally, the Court has jurisdiction to decide Plaintiff's claim for damages against Chaney.

## PARTIES

8. Plaintiff KENNETH H. SHADE is, and at all material times was, a resident of the State of Alaska.

9. Defendant UNITED STATES DEPARTMENT OF THE INTERIOR is an agency of the United States.

10. Defendant DAVID BERNHARDT ("Secretary") is the Secretary of the United States Department of the Interior. He is being sued in his official capacity.

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-____    Page 5 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 5 of 19

11.     Defendant EUGENE R. PELTOLA, JR., is the Director of the Alaska Region of the Bureau of Indian Affairs ("BIA"), which is a division of the United States Department of the Interior. He is being sued in his official capacity. Peltola is the successor to Kathy Cline, who was the Acting Director of the Alaska Region of the BIA. Peltola is properly named as a party herein, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. (Both Peltola and Cline shall be referred to herein as "Regional Director.")

12.     Defendant ELLAMAE A. CHANEY ("Chaney") is, and at all material times was, a resident of the State of Alaska.

## JURISDICTION AND VENUE

13.     The Court has jurisdiction under 28 U.S.C. § 1331 (federal question); 5 U.S.C. §§ 701-706 (review of agency action); 28 U.S.C. § 2201 (declaratory relief); 28 U.S.C. § 1361 (action in the nature of mandamus); 28 U.S.C. § 2202 (injunctive relief); and 28 U.S.C. § 1367 (supplemental jurisdiction).

14.     Venue is properly vested in this judicial district, pursuant to 28 U.S.C. § 1391, because Plaintiff resides in this district, because Chaney resides in this district, because the Regional Director resides in this district, because the real property that is the subject of this action is situated in this district, and because the acts or omissions complained of occurred in this district.

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____    Page 6 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 6 of 19

15. This action is timely filed under 28 U.S.C. § 2401(a).

## FACTUAL BACKGROUND

16. Plaintiff, who is an Alaska Native, is the devisee of a portion of a restricted Native allotment ("Shade allotment") from his father, Henry Shade, who died testate on March 28, 2009.

17. The Shade allotment was conveyed by BLM to Henry Shade on September 23, 1976. The Shade allotment is located within the boundaries of the City of Dillingham, Alaska, and is more particularly described as follows:

> Lot 7, U.S. Survey No. 4982, Alaska, situated on the west side of the Lake Aleknagik, Road approximately three miles northwesterly of Dillingham, Alaska.

Certificate No. 50-76-0762. The Shade allotment is 159.38 acres in size.

18. To gain access to what would be his allotment, in the 1960s Henry Shade built and maintained a dirt road approximately one mile in length from Aleknagik Lake Road to his allotment site ("Shade access road"), which access road is now informally called Shannon Lake Road. The Shade access road is the only practicable means of access to the Shade allotment.

19. Under Henry Shade's will, Plaintiff is to receive a house on the Shade allotment and ten acres of land surrounding it. Plaintiff grew up in that house and after his father's death he intended to live there with his family. Plaintiff's brother is to

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-____    Page 7 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 7 of 19

receive the remainder of the allotment, which is largely undeveloped. The disposition of the Shade allotment is being probated by the Probate Hearings Division, Office of Hearings and Appeals, U.S. Department of the Interior ("Henry Shade probate"). Probate No.: P000077838IP.

20. In the course of subdividing the Shade allotment for conveyance to each brother of his share of that allotment in the Henry Shade probate, Plaintiff's surveyor learned that BLM had mistakenly forgotten to include an express reservation of a right-of-way for the Shade access road where it crossed the land to be conveyed as a restricted Native allotment to Chaney ("Chaney allotment") on September 25, 1992. This omission was inadvertent because BLM knew from its field work that the Shade access road was built before Chancy began the use and occupancy of her allotment site and that the road was necessary to access to the Shade allotment. The Chaney allotment is more particularly described as follows:

> Lot 6, U.S. Survey No. 7143, Alaska, situated along the Lake Aleknagik Road approximately 3 miles northwesterly of Dillingham, Alaska.

Certificate No. 50-92-0682. The Chaney allotment comprises 17.64 acres.

21. Because of the lack of recognized legal access over the Chaney allotment to the Shade allotment, the subdivision of the Shade allotment and the Henry Shade

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-___    Page 8 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 8 of 19

probate have been put on hold, and Plaintiff has not been able to receive title to his portion of the Shade allotment.

22. After learning of BLM's mistake in the Chaney allotment conveyance certificate, Plaintiff asked Chaney to acknowledge that the Shade access road, as it crosses her allotment, was and is a "valid existing right" under ANILCA, to which her allotment is subject. Chaney has refused to do so. Further, Chaney and those acting on her behalf have interfered and threatened to interfere with the use of the Shade access road by fuel suppliers, tradesmen, and others seeking access to the Shade allotment as is passes over the Chaney allotment. Finally, Chaney has rejected suggestions by the federal agencies that she mediate this dispute with Plaintiff. Because of Chaney's actions and failure to act, Plaintiff is unable to receive title to his portion of his father's allotment, Plaintiff is unable to obtain financing or insurance for the house, and Plaintiff and his family are unable to live in the house that he was intended to inherit.

## ADMINISTRATIVE PROCEEDINGS

23. On May 12, 2017, Plaintiff's undersigned counsel sent a letter to Kathy Cline, then the Acting Director of the Alaska Regional Office of the BIA. The letter noted that the Shade access road had been built and was in use before Chaney began the use and occupancy of her allotment, but that BLM had inadvertently failed to state expressly in the conveyance certificate to Chaney that her allotment was subject to that

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-____          Page 9 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 9 of 19

access road. The letter noted, however, that Chaney's allotment certificate was made "pursuant to . . . Section 905(a)(1) of the ANILCA." ANILCA is the acronym for the Alaska National Interest Lands Conservation Act, Pub. Law No. 96-487, 94 Stat. 2371 (December 2, 1980). The letter noted that Section 905(a)(1) of ANILCA, codified at 43 U.S.C. § 1634(a)(1), states that BLM's certificate of conveyance of Chaney's allotment was made "[s]ubject to valid existing rights." The letter noted that the Regional Director owed a trust duty to Plaintiff, as an Alaska Native who is inheriting a portion of a restricted Native allotment, to protect his rights in that allotment. The letter asked the Regional Director to recognize that the Shade access road, as it crosses the Chaney's allotment, was and is an implied right-of-way and easement by necessity appurtenant to the Shade allotment, and thus was and is a "valid existing right" under ANILCA, to which the Chaney allotment is subject. The letter stated that Plaintiff was not asking the Regional Director to grant a new right-of-way but instead was asking her to recognize an existing implied right-of-way and easement by necessity. The letter stated that Chaney's interference and threatened interference with the use of that road was an unauthorized trespass, and the letter asked the Regional Director, in the exercise her trust duty to Plaintiff, to take appropriate action to prevent future trespass on that right-of-way. The letter asked the Regional Director to do the following: (1) confirm the validity of the right-of-way across the Chaney allotment to the Shade allotment, giving

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____ Page 10 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 10 of 19

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Chaney a right of appeal if she disagrees; (2) advise Chaney that interference with the right-of-way is an impermissible trespass on it, and that she must refrain from any such future trespass; and (3) recommend that Chaney sign an acknowledgement of the right-of-way and easement. A copy of the letter was sent to Chaney.

24. Chaney failed to respond to the above letter or submit anything in writing to the Regional Director.

25. Although the Regional Director did not dispute Plaintiff's right to use the Shade access road as it crosses the Chaney allotment, the Regional Director refused to affirmatively acknowledge that right, stating that she lacked the authority to do so.

26. On August 14, 2017, Plaintiff filed a notice of an administrative appeal to the Interior Board of Indian Appeals ("IBIA") because of the Regional Director's inaction. On October 17, 2017, Plaintiff filed a second notice of appeal with the IBIA. Copies of those notices of appeal were served on Chaney, but she failed to respond to them. The appeals were consolidated by the IBIA. Docket Nos. IBIA 17-131 and 18-017. That order of consolidation was served on Chaney.

27. Plaintiff and the Regional Director filed status reports and briefs with the IBIA. Copies of those documents were served on Chaney, but she failed to respond to any of them.

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-___
Page 11 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 11 of 19

28. On December 4, 2019, the IBIA issued an Order Docketing and Dismissing Appeals ("IBIA order"). 67 IBIA 15 (December 4, 2019). The IBIA order first noted that because BLM had already issued the certificate granting Chaney her allotment, BLM could not, without Chaney's consent, correct the certificate to expressly adding the right-of-way as a reservation to it. Then, turning to the merits of Plaintiff's administrative appeal, the IBIA order agreed with the Regional Director that she lacked the authority to recognize the Chaney access road as an existing "valid existing right" under ANILCA. The IBIA order stated that it was entered pursuant to 43 CFR § 4.01. As such, the IBIA order constituted the final decision of the Secretary, appealable to this Court. A copy of the IBIA order was served on Chaney.

29. Neither the Regional Director's decision nor the IBIA order addressed the merits of Plaintiff's claim that the Shade access road, as it crosses the Chaney allotment, was and is an implied right-of-way and easement by necessity appurtenant to the Shade allotment, and thus was and is a "valid existing right" under ANILCA, to which the Chaney allotment is subject. Further, nothing in that decision or that order affects the broader jurisdiction and authority of this Court, in the exercise of its supplemental jurisdiction over Chaney, to recognize that right-of-way and easement.

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-____  Page 12 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 12 of 19

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## CLAIMS FOR RELIEF

30. Plaintiff has exhausted his administrative remedies regarding his claims against the Regional Director. Accordingly, the Court has jurisdiction over those claims, asserted by Plaintiff at Counts I, II, and III below.

31. Irrespective of the Court's ruling on Plaintiff's claims against the Regional Director, the Court has supplemental jurisdiction, under 28 U.S.C. § 1367, to rule on Plaintiff's claims against Chaney, asserted at Counts I, IV, and V below. Plaintiff's claims against Chaney are so related to his claims against the Regional Director that they form part of the same case or controversy.

### COUNT I: DECLARATORY JUDGMENT
**(Against both the Regional Director and Chaney)**

32. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

33. The Court has jurisdiction and authority to enter a declaratory judgment, under 28 U.S.C. § 2201.

34. The Court should declare as follows, regarding Plaintiff's claims against both the Regional Director and Chaney:

    a. The Shade access road, which crosses the Chaney allotment, was built by Henry Shade before Chaney began the use and occupancy of her allotment. This road is the only practicable means of access to the Shade allotment.

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-____   Page 13 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 13 of 19

b.  The conveyance of the Chaney allotment was made subject to "valid existing rights," under Section 905(a)(1) of ANILCA, 43 U.S.C. § 1634(a)(1).

c.  The Shade access road, as it crosses the Chaney allotment, was and is an implied right-of-way and easement by necessity appurtenant to the Shade allotment. Accordingly, this was and is a "valid existing right" under ANILCA, to which the Chaney allotment is subject, even though that right-of-way was not expressly reserved in the Chaney allotment certificate.

d.  Any interference or threatened interference by Chaney with that right-of-way and easement constitutes a continuing trespass on its use.

## COUNT II: DECLARATORY JUDGMENT
### (Against the Regional Director alone)

35. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

36. The Court has jurisdiction and authority to review the actions or failure to act of the Regional Director, under the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

37. The Court should enter an order declaring as follows, regarding Plaintiff's claims against the Regional Director:

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-___      Page 14 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 14 of 19

a. The Regional Director has a trust duty to Plaintiff, as an Alaska Native inheriting a portion of a restricted Native allotment, to protect Plaintiff's rights in that allotment.

b. The Regional Director erred in deciding that she lacked the authority to recognize that the Shade access road, as it crosses the Chaney allotment, was and is a "valid existing right" under ANILCA, to which the Chaney allotment is subject.

c. The Regional Director erred in deciding that she lacked the authority to take appropriate action to prevent Chaney from interfering with or committing trespass on the right to use of that road.

### COUNT III: MANDAMUS OR INJUNCTIVE RELIEF
### (Against the Regional Director alone)

38. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

39. The Court has jurisdiction and authority to enter an order in the nature of mandamus or injunctive relief against the Regional Director, under 28 U.S.C. §§ 1361 and 2202.

40. The Court should enter an order directing the Regional Director to do as follows:

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-____    Page 15 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 15 of 19

a. recognize that the Shade access road, as it crosses the Chaney allotment, was and is a "valid existing right" under ANILCA, to which the Chaney allotment is subject; and

b. take appropriate action to prevent Chaney from interfering with or committing trespass on the right to use of that road.

41. If the above order is not entered against the Regional Director, Plaintiff will be irreparably harmed. Further, Plaintiff has no plain, speedy, and adequate remedy at law.

## COUNT IV: INJUNCTIVE RELIEF
### (Against Chaney alone)

42. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

43. The Court has jurisdiction and authority to enter injunctive relief against Chaney, under 28 U.S.C. § 2202.

44. Irrespective of any relief or order that the Court might enter against the Regional Director, the Court should enter an order directing Chaney to do the following:

a. sign, in recordable form, an acknowledgment that the Shade access road, as it crosses the Chaney allotment, was and is a "valid existing right" under ANILCA, to which the Chaney allotment is subject; and

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-____      Page 16 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 16 of 19

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

      b.    refrain from taking action to interfere with or trespass on the right to use of that road.

45. If the above order is not entered against Chaney, Plaintiff will be irreparably harmed. Further, Plaintiff has no plain, speedy, and adequate remedy at law.

## COUNT V: DAMAGES
### (Against Chaney alone)

46. Plaintiff incorporates by reference all prior allegations of this Complaint, as if fully set forth herein.

47. Irrespective of any relief or order that the Court may enter against the Regional Director, the Court should find that Chaney breached her duty to Plaintiff by refusing to acknowledge that the Shade access road, as it crosses the Chaney allotment, was and is a "valid existing right" under ANILCA, to which the Chaney allotment is subject. Additionally, the Court should find that Chaney has committed a continuing trespass by interfering and threatening to interfere with the right to use that road.

48. Irrespective of any relief or order that the Court may enter against the Regional Director, and as the result of Chaney's above actions and failure to act, Plaintiff has suffered damages in excess of $100,000, the precise amount to be proven at trial.

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-____    Page 17 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 17 of 19

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks for the following relief against the Regional Director. Additionally, in the exercise of this court's supplemental jurisdiction, Plaintiff asks for the following relief against Chaney.

1. The Court should enter a declaratory judgment against the Regional Director and Chaney, as requested by Plaintiff in Count I of this Complaint.

2. The Court should enter a declaratory judgment against the Regional Director, as requested by Plaintiff in Count II of this Complaint.

3. The Court should enter an order in the nature of mandamus or injunctive relief against the Regional Director, as requested by Plaintiff in Count III of this Complaint.

4. The Court should enter injunctive relief against Chaney, as requested by Plaintiff in Count IV of this Complaint.

5. The Court should award damages against Chaney in an amount to be proven at trial, as requested by Plaintiff in Count V of this Complaint.

6. The Court should award to Plaintiff his costs and attorney's fees, under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504 et seq., regarding Plaintiff's claims against the Regional Director.

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____   Page 18 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 18 of 19

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

7. The Court should award to Plaintiff his costs and attorney's fees, under Alaska Civil Rule 82, regarding Plaintiff's claims against Chaney.

8. The Court should grant such other relief to Plaintiff as appears fair and just.

Dated at Anchorage, Alaska, this 11th day of August, 2020.

WINNER & ASSOCIATES, P.C.
Attorneys for the Plaintiff Kenneth H. Shade

By: _____
Russell L. Winner
900 West Fifth Avenue, Suite 700
Anchorage, Alaska 99501
Phone: (907) 277-9522
Fax: (907) 277-4510
E-mail: rwinner@winnerlaw.com
ABA No. 7811149

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

COMPLAINT FOR DECLARATORY JUDGMENT,
MANDAMUS, INJUNCTIVE RELIEF, AND DAMAGES
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-_____-___   Page 19 of 19

Case 3:20-cv-00198-HRH   Document 1   Filed 08/12/20   Page 19 of 19