Russell L. Winner, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com
Attorneys for Plaintiff Kenneth H. Shade

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

| | |
|---|---|
| KENNETH H. SHADE,<br><br>        Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; et al.,<br><br>       Defendants. | **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 3:20-cv-00198-HRH |

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH

# TABLE OF CONTENTS

I.      INTRODUCTION ……………………………………….…..………... 1

II.     FACTS AND BACKGROUND …………………………………….……... 1

III.    SUMMARY JUDGMENT STANDARD ……………………………..…... 7

IV.     PLAINTIFF IS ENTITLED TO PARTIAL SUMMARY JUDGMENT …..…… 8

        A.    BLM Inadvertently Failed to State in The Chaney Allotment
              Grant That It Was Subject to the Access Road to the Shade
              Allotment …………………………………………………………...… 8

        B.    The Shade Access Road Is an Easement by Necessity Across
              the Chaney Allotment …………………………………………….…… 9

        C.    The Shade Access Road Is a "Valid Existing Right" Under
              ANILCA, to Which the Chaney Allotment Is Subject ………..……… 12

        D.    The BIA Breached Its Fiduciary Duty to Plaintiff to Protect
              His Access to the Shade Allotment …………………….……...…… 14

        E.    The BIA and IBIA Erred in Concluding that the BIA Lacked
              Authority under Department Regulations to Confirm and
              Protect the Right-of-Way to the Shade Allotment Across
              the Chaney Allotment …………………………………………..…... 16

        F.    The Court Should Reverse the IBIA's Decision to Not
              Correct the Chaney Allotment Grant, Under 43 U.S.C. § 1746 ……...… 20

        G.    The Court Should Grant Summary Judgment in Favor of
              Plaintiff on His Claims for a Declaratory Judgment, and
              for Mandamus or Injunctive Relief, Against the United
              States and Chaney ………………………………………..…….... 23

V.      THE QUIET TITLE ACT DOES NOT BAR THIS ACTION ……………... 24

        A.    This Action Is Not Brought Under the QTA ……………….…....…… 25

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH
Page i of ii

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

B.   The QTA Does Not Apply Because the United States Does Not Have Colorable Title to the Easement by Necessity Claimed Here.............................................................................. 28

C.   The QTA Does Not Apply Because Plaintiff Does Not Assert a Claim to Property of the United States .................................... 29

D.   The QTA Does Not Apply Because the Shade Access Road Predated Chaney's Use and Occupancy of Her Allotment Land ....... 30

E.   The QTA's Statute Of Limitation Is Inapplicable Here ................... 32

F.   The QTA Does Not Preclude the Court's Jurisdiction Over Plaintiff's Claims Against the United States Under the APA ....... 33

VI.   INDISPENSABLE PARTIES ......................................................... 34

VII.   CONCLUSION.................................................................................... 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

## I.      INTRODUCTION

Defendant United States of America, et al. (collectively "United States"), has filed a motion to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) and (6), and Defendant Ellamae Chaney has joined in that motion. Plaintiff opposes the motion and files here a cross-motion for partial summary judgment.

First, BLM inadvertently failed to make the Chaney allotment subject to a pre-existing access road to the Shade allotment, even though BLM knew the road was built before Chaney began the use and occupancy of her allotment land. Then, the BIA and IBIA refused to confirm the road as an easement by necessity, claiming they lacked the administrative authority to do so. Now, the United States and Chaney argue that this Court lacks jurisdiction to confirm the existence of that easement, based on the Indian lands exception to the Quiet Title Act. The Court should rule that the Quiet Title Act, and thus the Indian lands exception to it, do not apply to this action. Instead, the Court should grant partial summary to Plaintiff on the undisputed facts in the administrative record. To rule otherwise would leave Plaintiff holding a right without a remedy.

## II.     FACTS

When the Court considers a motion to dismiss filed under Civil Rule 12(b), all material allegations and reasonable inferences therefrom in the plaintiff's complaint are

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH          Page 1 of 35

accepted as true. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

The facts giving rise to this action are stated in Plaintiff's First Amended Complaint (Docket No. 14) and need not be restated in detail here. In sum, the Bureau of Land Management ("BLM") of the United States Department of the Interior failed to expressly state in the conveyance certificate to Chaney that her restricted Native allotment was subject to an existing access road to the adjacent restricted Native allotment that earlier had been conveyed to Plaintiff's father, Henry Shade. The administrative record is clear that the road was built by Henry across federal land, administered by BLM, before Chaney began the use and occupancy of the land that would become her Native allotment. Further, Henry Shade was entitled to build and use that road without first obtaining a permit from BLM. Section 509(a) of the Federal Lands Policy and Management Act ("FLPMA"), 43 U.S.C. § 1769(a).

Plaintiff and his brother each inherited a portion of their father's Native allotment upon his death. When Plaintiff attempted to have the allotment subdivided, so that each brother could receive title to his portion of the allotment, he learned that the Chaney allotment grant was not expressly made subject to the access road to the Shade allotment.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH          Page 2 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Plaintiff asked the Bureau of Indian Affairs ("BIA") of the United States Department of the Interior, in the exercise of its trust and fiduciary duties to him as an Alaska Native and the devisee of a portion of his father's restricted Native allotment, to recognize that the road, as it crossed Chaney's allotment, was an easement by necessity to the Shade allotment, and thus it was a "valid existing right" to which the Chaney allotment was subject, under section 905(a) of the Alaska National Interest Lands Conservation Act ("ANILCA"), 43 U.S.C. § 1634(a).

The administrative record is clear that the Shade access road was built before Chaney began the use and occupancy of her allotment land. BIA, and then the Interior Board of Indian Appeals ("IBIA") on administrative appeal, did not dispute this. However, the BIA and IBIA declined to confirm the road as a "valid existing right" as an easement by necessity, to which the Chaney allotment was subject under ANILCA, asserting that the BIA lacked authority under the regulations of the Department of the Interior to do so. (67 IBIA 18, 20; Docket No. 15-1 at 7, 7) IBIA, however, acknowledged that a court with broader jurisdiction might have that authority:

> [B]ecause the Board is not a court of general jurisdiction, the Board does not have authority over disputes between individuals. . . . Consequently, even were we to assume for the sake of argument that Appellant holds the purported right-of-way, it would not follow that Appellant could obtain such relief.

(67 IBIA 20 n.9; Docket No. 15-1 at 7 n.9).

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH        Page 3 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Following the filing by the United States of its motion to dismiss, the Court asked the United States to file certain supplemental documents outside the pleadings (Docket No. 18), the United States complied with that request (Docket No. 20), and Chaney has filed additional supplemental documents (Docket Nos. 22-1 through 22-4). Under these circumstances, and in the interest of an efficient decision on the issues presented in this action, Plaintiff has no objection to the Court treating the United States' motion and Chaney's joinder as one for summary judgment, pursuant to Federal Rules of Civil Procedure 12(d). Plaintiff asks, however, that, pursuant to that rule, he be allowed to file supplemental materials identified below, which are attached as exhibits to the accompanying Declaration of Russell L. Winner. Additionally, Plaintiff files these exhibits in support of his instant cross-motion for partial summary judgment.

**Plaintiff's Exhibit 1:** This is the letter, dated May 12, 2017, with its Exhibits A through D, sent by Plaintiff's undersigned attorney to the BIA, which was referred to in the IBIA Order attached to the United States' motion. (Docket No. 15-1, at 2) The letter noted that the grant of the allotment to Chaney was expressly made pursuant to section 905(a)(1) of the ANILCA, which expressly made the grant subject to "valid existing rights." Letter at 3-4, Exhibit B at 1. Attached as Exhibit C to the letter were copies of documents that Plaintiff's undersigned attorney obtained from the BLM public file

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH          Page 4 of 35

regarding Chaney's allotment application. Included there are the following documents (emphasis is added to the quoted portions):

A.   On April 19, 1985, the BLM field examiner made the following request of the BLM District Manager for the Dillingham area: "Please identify the location of road *which predates applicant's use and occupancy*."  Ex. C, at 1.

B.   On July 17, 1984, Fred Wolf, the Acting Alaska State Director of BLM, wrote to Senator Ted Stevens, stating, "*[W]e do have affidavits indicating Mr. Shade's access road predated Mrs. Chaney's occupancy*; therefore, if her allotment is determined to be valid, *the Certificate will contain a reservation for the pre-existing road.*" Ex. C, at 2.

C.   In an affidavit, dated June 15, 1984, Daniel A. Diehl stated: "Joe Chaney [Ms. Chaney's husband] admitted that *the road through Ellamae's allotment was there prior to Ellamae ever staking the land*." Ex. C, at 3.

D.   BLM master title plats, received by the BLM Alaska office on December 7, 1972, depict a then-existing road going through what would become Chaney's allotment, to Lot 7, which is the Shades' allotment. Ex. C, at 8-9.

E.   A Native Allotment Field Report, dated June 30, 1965, stated: "The dirt road runs through the parcel to Shannon Lake." Ex. C, at 10. "According to a BIA report in the casefile, *the road that runs through the parcel was in existence prior to Ellamae Chaney's entry on the land.*" Ex. C, at 11. "The applicant used **a** *road to reach the allotment that was in place prior to her use.* If this application is approved *I recommend that a R/W for the road be reserved.*" Ex. C, at 13.

F.   Photographs taken on May 28, 1986, show a wide, well-developed road through what would become Cheney's allotment. Ex. C, at 15.

G.   Field Notes of what would become the Chaney allotment identified the Shade access road. Ex. D, at 5.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH          Page 5 of 35

Case 3:20-cv-00198-HRH   Document 26   Filed 04/16/21   Page 8 of 38

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

**Plaintiff's Exhibit 2:** Plaintiff hired Edge Survey and Design to prepare a subdivision plat of the Shade allotment, so that he could receive title to the house and ten acres of the allotment, and his brother could receive the remainder of the allotment. Plaintiff's Exhibit 2 are Comments/Concerns/Corrections prepared by Marty Williams, BLM Indian Land Surveyor, along with a Google Earth map prepared by Williams, regarding the proposed subdivision of the Shade allotment. These documents were sent by Williams to Plaintiff's surveyor and to Plaintiff's undersigned attorney in June 2016. On the map, Williams indicated that dedicated legal access exists along Shannon Lake Road heading in a northwesterly direction from Alegnakik Lake Road through the following three tracts of land to the southeasterly edge of the Chaney allotment: (1) Lot 2, U.S. Survey 7143; (2) Lot 5, U.S. Survey 4982; and (3) Lot 6, U.S. Survey 4982. However, Williams informed Plaintiff's surveyor and Plaintiff's undersigned attorney that there was no legal access of record for the road to the Shade allotment as it crossed the Chaney allotment, Lot 6, U.S. Survey 7143. That was the first time that Plaintiff learned of this. Without recognized legal access, the plat of the Shade subdivision could not be approved and recorded. Dillingham Municipal Code 17.19.030A ("Every lot shall have access directly from a dedicated right-of-way or easement.").

**Plaintiff's Exhibit 3:** Consistent with Williams' conclusions above, Plaintiff's Exhibit 3 consists of the recorded subdivision plats for the three above-mentioned tracts

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH        Page 6 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

of land reflecting the dedications for the access road to the Shade allotment as a public right-of-way, called Shannon Lake Road, when those tracts were subdivided. The dedication of Shannon Lake Road across Lot 2, U.S. Survey 7143, occurred when a portion of that lot was subdivided as Sunny Acres Subdivision, and the plat for that subdivision was recorded on May 18, 1987. The dedication for Shannon Lake Road across Lot 5, U.S. Survey 4982, occurred when that lot was subdivided as Shannon Subdivision, and the plat for that subdivision was recorded on December 1, 1978. The dedication for Shannon Lake Road across Lot 6, U.S. Survey 4982, occurred when that lot was subdivided as Plane View Subdivision, and the plat for that subdivision was recorded on July 17, 1984. All these dedications were made before BLM's grant of the allotment to Chaney.

**Plaintiff's Exhibit 4:** This exhibit includes examples of Native allotment grants where the BLM expressly made them subject to easements or rights-of-way.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). As this Court explained in *Harrison v. United States*, 2021 WL 1269119 (D. Alaska, 2021), the initial burden is on the moving party to show that there is an absence of genuine issues of material fact. If

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH        Page 7 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial. In deciding a motion for summary judgment, the Court views the evidence of the non-movant in the light most favorable to that party, and all justifiable inferences are also to be drawn in its favor. *Id.* at 255. The Court's ultimate inquiry is to determine whether the specific facts set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. Further, unsupported allegations by counsel cannot defeat a summary judgment motion. Federal Rule of Civil Procedure 56(c); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

## IV.    PLAINTIFF IS ENTITLED TO PARTIAL SUMMARY JUDGMENT

On the clear and undisputed administrative record here, the Court should award partial summary judgment to Plaintiff.

### A.    BLM Inadvertently Failed to State in the Chaney Allotment Grant That It Was Subject to the Access Road to the Shade Allotment

The Chaney allotment was granted under the legislative approval of allotments in section 905 of the Alaska National Interest Lands Conservation Act ("ANILCA"), 43 U.S.C. § 1634. That statute provides that the grant "shall, when allotted, be made subject to any easement, trail, or right-of-way in existence on the date of the Native allotment applicant's commencement of use and occupancy."  Section 905(a)(8)(A) of

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH        Page 8 of 35

ANILCA, 43 U.S.C. § 1634(a)(8)(A). For examples of BLM expressly reserving such easements and rights-of-way in Native allotment grants, *see* Plaintiff's Exhibit 4.

As noted above, the BLM public file for the Chaney allotment contains numerous statements from BLM field examiners that the access road to the Shade allotment existed before Chaney began the use and occupancy of her allotment land. *See* Exhibit C to Plaintiff's Exhibit 1. Further, the BLM file contains the recommendations of the field examiners that the Shade access road be listed as a reservation in the Chaney allotment grant. *Id*. Finally, the Acting Alaska State Director of BLM wrote to Senator Ted Stevens assuring him that the certificate of the Native allotment grant to Chaney "will contain a reservation for the pre-existing road." *Id*.

BLM granted the allotment to Chaney on September 25, 1992. *See* Exhibit B to Plaintiff's Exhibit 1. By that time, the portion of the Shade access road from Alegnakik Lake Road to the southeastern edge of the Chaney allotment had become a public road, known as Shannon Lake Road, which was dedicated in the recorded subdivision plats on each of the three intervening tracts of land. *See* Plaintiff's Exhibits 3 and 4. BLM simply forgot to reserve the Shade access road when it granted the Chaney allotment.

## B. The Shade Access Road Is an Easement by Necessity Across the Chaney Allotment

As noted above, the following facts are established in the administrative record and are not in dispute:

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH        Page 9 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

1.      BLM knew that the Shade access road, running from Alegnakik Lake Road to the Shade allotment, was built and existed before Chaney began the use and occupancy of her allotment land.

2.      BLM intended to expressly reserve the Shade access road in the Chaney allotment grant, but it failed to do so.

3.      Before BLM granted the Chaney allotment, Shannon Lake Road had been dedicated as a public road from Alegnakik Lake Road to the southeastern edge of the Chaney allotment.

4.      The alternative to Plaintiff's use of Shannon Lake Road and the Shade access road through the Chaney allotment would be as follows: (a) Plaintiff would need to reach an agreement with an adjoining private landowner or landowners, not party to this action, to purchase an approximately 1,700 foot long right-of-way across its land from Alegnakik Lake Road to the Shade allotment; (b) Plaintiff would need to pay for that right-of-way; (c) Plaintiff would need to obtain the necessary governmental permits and approvals for crossing a stream named Squaw Creek and constructing the road; (d) Plaintiff would need to pay for the survey and construction of the road; and (e) after the road's construction, Plaintiff would need to pay for its maintenance, repair, and snow plowing. This is not a reasonable alternative to the use of the Shade access road through the Chaney allotment.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH      Page 10 of 35

On the above facts, the access road to the Shade allotment, as it crosses the Chaney allotment, is an easement by necessity for the benefit of the Shade allotment. The easement was created at the time of BLM's grant of the Native allotment to Henry Shade, on September 23, 1976. In *McFarland v. Kempthorne*, 545 F.3d 1106, 1111 (2008), the Ninth Circuit Court of Appeals wrote:

> The doctrine of easement by necessity applies, generally, against the United States. *Mont. Wilderness Ass'n v. United States Forest Serv.,* 496 F. Supp. 880, 885 (D. Mont. 1980); *see also United States v. Dunn,* 478 F.2d 443, 444 & n. 2 (9th Cir. 1973). An easement by necessity is created when: (1) the title to two parcels of land was held by a single owner; (2) the unity of title was severed by a conveyance of one of the parcels; and (3) at the time of severance, the easement was necessary for the owner of the severed parcel to use his property.

*Id.* at 1111 (internal quotation marks and citation omitted). *Accord* 4 R. Powell, POWELL ON REAL PROPERTY § 34.07 at 34-76 (rev. ed. 1997). On the clear administrative record in this case, the road crossing the Chaney allotment is an easement by necessity for access to the Shade allotment: (1) title to both the Shade and Chaney allotment tracts was originally held by the United States; (2) the unity of title was severed by issuance of the Shade allotment grant; and (3) at the time of that severance, the road was necessary for access to the Shade allotment and was being used for that purpose.

In *United States v. Spahi*, 177 F.3d 748, 754-55 (1999), the Ninth Circuit Court of Appeals stated that an easement by necessity exists if it is "reasonably necessary"

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH       Page 11 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

for use by the landlocked parcel. Here, requiring Plaintiff to attempt to purchase rights of way from third parties and build and maintain lengthy alternative road would not be a reasonable alternative. Unsupported argument to the contrary by Chaney's counsel (Docket No. 22 at 3-5) does not defeat this conclusion.

The access road is an easement appurtenant to the Shade allotment. The Shade allotment is the dominant estate, and the Chaney allotment is the servient estate. The benefits and burdens of the easement run with the land regarding both allotments, and its benefits and burdens inure to, and are binding against, all successors in interest. *See* Transfer of easements appurtenant – In general, THE LAW OF EASEMENTS & LICENSES IN LAND § 9:1 (Nov. 2020) ("Unless prevented by the terms of its creation, an easement appurtenant is transferred with the dominant property even if this is not mentioned in the instrument of transfer."); 28A C.J.S. Easements § 133 ("Ordinarily, subsequent grantees of a servient estate take subject to easements."); Causes of Action to Establish Easement of Necessity, 20 CAUSES OF ACTION 395 (1989) (claim of easement by necessity may be brought against landowner whose own chain of title derives from a common grantor). Here, the easement by necessity can be asserted by Plaintiff, as success to an interest in his father's Native allotment, against Chaney, as successor to the United States' ownership of her allotment land.

### C.    The Shade Access Road Is a "Valid Existing Right" Under ANILCA, to Which the Chaney Allotment Is Subject

BLM's grant of the Chaney allotment was expressly made "pursuant to . . . Section 905(a)(1) of the ANILCA." *See* Exhibit B to Plaintiff's Exhibit 1. Section

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH         Page 12 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

905(a)(1)(A) of ANILCA, 43 U.S.C. § 1634(a)(1)(A), in turn states that the Cheney allotment is "[s]ubject to valid existing rights." Further, section 905(a)(8)(A) of ANILCA, 43 U.S.C. § 1634(a)(8)(A), states that Native allotments granted under ANILCA "shall, when allotted, be made subject to any easement, trail, or right-of-way in existence on the date of the Native allotment applicant's commencement of use and occupancy." *See also* section 508 of FLPMA, 43 U.S.C. § 1768 ("If under applicable law the Secretary concerned decides to transfer out of Federal ownership any lands covered in whole or in part by a right-of-way . . . the lands may be conveyed subject to the right-of-way")

The easement by necessity across the Cheney allotment is a valid existing right appurtenant to the Shade allotment to which the Cheney allotment is subject. That is true even though BLM's grant of the Cheney allotment did not make express reference to the easement. *See Lyon v. Gila River Indian Community*, 626 F.3d 1059, 1072-74 (9th Cir. 2010) (a pre-existing implied access easement was recognized as a "valid existing right" in a subsequent grant of Indian reservation lands); *Alaska v. Norton*, 168 F.Supp.2d 1102, 1108-09 (D. Alaska 2001) (the grant of a Native allotment was subject to, and void as against, a pre-existing right of way); *Alaska v. Babbit (Bryant)*, 182 F.3d 672, 676 (9th Cir. 1999) (Native allotments are granted subject to valid existing rights); *Adams v. United States*, 3 F.3d 1254, 1259 (9th Cir. 1993) (an easement by implication or by necessity was recognized over federal lands); *State of Alaska (Goodlataw)*, 140 IBLA 205, 215 (1997) (the grant of a Native allotment was subject to a prior right of way, which was a "valid existing right").

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH        Page 13 of 35

**D.** **The BIA Breached Its Fiduciary Duty to Plaintiff to Protect His Access to the Shade Allotment**

The easement by necessity is an important property right appurtenant to the Shade allotment. Without access, the Shade allotment would be rendered a useless landlocked parcel. That, in fact, is the problem giving rise to this action.

The BIA has a trust and fiduciary duty to Plaintiff, who is an Alaska Native, to prevent interference with his right of access to the restricted Shade allotment. In *Aguilar v. United States*, 474 F. Supp. 840 (D. Alaska 1979), Chief Judge James von der Heydt wrote the following for this Court:

> In its relationship with Native Americans the government owes a special duty analogous to those of a trustee. *Heckman v. United States*, 224 U.S. 413, 32 S. Ct. 424, 56 L. Ed. 820 (1912); *Seminole Nation v. United States*, 316 U.S. 286, 62 S. Ct. 1049, 86 L. Ed. 1480 (1942); *Morton v. Ruiz*, 415 U.S. 199, 94 S. Ct. 1055, 39 L.Ed.2d 270 (1974). These "exacting fiduciary standards" apply to the federal government in its conduct toward Alaskan Natives. *Alaska Pacific Fisheries v. United States*, 249 U.S. 53, 39 S. Ct. 208, 63 L. Ed. 474 (1918); *Aleut Community of St. Paul Island v. United States*, 480 F.2d 831, 202 Ct. Cl. 182 (1973); *Adams v. Vance*, 187 U.S. App. D.C. 41, 44 n. 3, 570 F.2d 950, 953 n. 3 (1978); *People of Togiak v. United States*, 470 F. Supp. 423 (D.D.C.1979); *Eric v. Secretary of HUD*, 464 F. Supp. 44 (D. Alaska 1978).
> . . . . .
> The protection of Indian property rights is an area where the trust responsibility has its greatest force. *Seminole Nation v. United States*, 316 U.S. 286, 62 S. Ct. 1049, 86 L. Ed. 1480 (1942), *Pyramid Lake Paiute Tribe of Indians v. Morton*, 354 F. Supp. 252 (D.D.C.1953).

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH      Page 14 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Id.* at 846. *See also Olympic v. United States*, 615 F. Supp. 990, 995 ("protection of Native property rights under Alaska Native Allotment Act is an element of the federal government's trustee relationship toward Alaska Natives"); *Tanyay Bitonti v. Alaska Regional Director, Bureau of Indian Affairs*, 43 IBIA 205, 215-16 (2006) (quoting *Aguilar*); *Omar Stratman v. Leisnoi, Inc.,et al.*,157 IBLA 302, 311 (2002) (quoting *Aguilar*).

It is true that both Plaintiff and Chaney are Alaska Natives, and both the Shade allotment and the Cheney allotment are restricted properties under the supervision of the BIA. Although the BIA has trust and fiduciary duties to both Plaintiff and Cheney, it has no duty – and in fact, it cannot act – to assist Cheney in blocking or restricting Plaintiff's access across her allotment to the Shade allotment. Instead, the BIA has a trust and fiduciary duty to Plaintiff to prevent Cheney from interfering with the valid right-of-way to the Shade allotment. *See Fredericks v. United States*, 125 Fed. Cl. 404, 419-20 (Fed. Cl. 2016), quoting with approval from *Restatement (Second) of Trusts, § 183:* "When there are two or more beneficiaries of a trust, the trustee is under a duty to deal impartially with them."

Chaney faults Plaintiff, and apparently his father, for not contesting the Chaney allotment grant. Docket No. 22, at 6. However, neither Plaintiff nor his father objected to Chaney being granted an allotment. Plaintiff simply seeks confirmation of his right of access across it. Chaney asserts that Plaintiff seeks "unrestricted public access" across her allotment. *Id.* However, Plaintiff does not ask for the extension of Shannon Lake

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH        Page 15 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Road, a public right-of-way, across the Chaney allotment. Instead, he merely seeks the recognition of the private easement by necessity across that allotment.

There are a number of ways that the United States could right this wrong, but it has chosen none of them. The BIA could confirm that the Shade access road is an existing easement by necessity, but the BIA and IBIA erroneously construed Department regulations as precluding the BIA from doing so. The BIA could protect Plaintiff against Chaney's trespass on the access road as a valid easement through her allotment, but again the BIA and IBIA erroneously construed Department regulations as precluding doing so. The Secretary of the Department of the Interior could correct the Chaney allotment grant to state that it is subject to the Shade access road, but IBIA erroneously decided that the Secretary lacks the authority to do so. *See* discussion *infra*. Finally, the United States could have non-opposed Plaintiff's claim for relief before this Court, but it has chosen instead to side with Chaney, citing only the Indian lands exception to the Quiet Title Act. By doing these things, the United States has breached its trust and fiduciary duties to Plaintiff.

**E.      The BIA and IBIA Erred in Concluding that the BIA Lacked Authority under Department Regulations to Confirm and Protect the Right-of-Way to the Shade Allotment Across the Chaney Allotment**

Contrary to the position taken by the BIA and IBIA, the BIA has authority under the applicable regulations of the Department of the Interior to confirm the validity of the existing easement by necessity across the Chaney allotment. Under those regulations, the BIA can "approve or disapprove a right-of-way document." 25 CFR § 169.12.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH      Page 16 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

"*Right-of-way* means an easement or legal right to go over or across tribal land, individually owned Indian land, or BIA land for a specific purpose, including but not limited to building and operating a line or road." 25 CFR § 169.2. "*Right-of-way document* means a right-of-way grant, renewal, amendment, assignment, or mortgage of a right-of-way." *Id.*

BLM's grant of the Cheney allotment was a "right-of-way document" under the above regulations because it contained the recognition, grant, and renewal of "valid existing rights" under ANILCA, which included the easement by necessity appurtenant to the Shade allotment. Although the word *approve* is not defined in 25 CFR Part 169, *Black's Law Dictionary* defines it to mean "[t]o give formal sanction to; to confirm authoritatively." Thus, the BIA has authority to confirm the validity of the easement of necessity for the road to the Shade allotment as it crosses the Cheney allotment.

The BIA and IBIA erred in concluding otherwise. There was no need for Plaintiff to ask the BIA to grant of a new right-of-way across the Cheney allotment, under 25 CFR § 169.4(a)(1), because the Shade allotment already had an existing easement by necessity that was "otherwise authorized by law," under 25 CFR § 169.4(b)(3)(iv).

Additionally, Cheney's interference with the easement by necessity was an unauthorized trespass on that easement. 25 CFR § 169.413 provides, in pertinent part:

> If an individual or entity takes possession of, or uses, Indian land or
> BIA land without a right-or-way and a right-of-way is required, the

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH      Page 17 of 35

> unauthorized possession or use is a trespass. *An unauthorized use within an existing right-of-way is also a trespass.* We make take action to recover possession, including eviction, on behalf of the Indian landowners and pursue any additional remedies available under applicable law.

(Emphasis added.) Under that regulation, the BIA had authority to take action to prevent Chaney's trespass on the easement by necessity to the Shade allotment. Again, the BIA and IBIA erred in concluding that the BIA lacked the authority to do so.

The BIA and IBIA interpreted the above regulations as not authorizing BIA enforcement against an Indian landowner such as Chaney. (67 IBIA 20; Docket No. 15-1 at 7) However, as noted above, that interpretation arbitrarily gave preference to Chaney (who is in the wrong), in breach of their trust and fiduciary duty to Plaintiff (who is in the right). Under these circumstances, this Court should not defer to the BIA's and IBIA's interpretation and application of the above regulations.

In *Kisor v. Wilkie*, ___ U.S. ____, 139 S. Ct. 2400 (2019), the Supreme Court cut back on the deference that courts had been showing to federal agencies' interpretations of their regulations, under *Auer v. Robbins*, 519 U.S. 452 (1997). First, no deference is due if the regulation is not genuinely ambiguous. *Id.* at 2414. A court must carefully consider the text, structure, history, and purpose of the regulation to determine ambiguity. *Id.* at 2415. If ambiguity exists, the agency's reading must still fall within the bounds of reasonable interpretation. *Id.* And even then, not every reasonable agency

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH          Page 18 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

reading of a genuinely ambiguous rule should receive deference. A court must make an independent inquiry into whether the character and context of the agency interpretation entitles it to controlling weight. *Id*. at 2416. "Some interpretive issues may fall more naturally into a judge's bailiwick. Take one requiring the elucidation of a simple common-law property term . . ." *Id*. at 2417. The agency's interpretation must in some way implicate its substantive expertise, as the basis for deference ebbs when the subject matter of a dispute is distant from the agency's ordinary duties. *Id*. Finally, an agency's reading of a regulation must reflect its fair and considered judgment. *Id*. A court should decline to defer, for example, to merely "convenient litigating position or "*post hoc* rationalization advanced to defend past agency action against attack." *Id*. (internal quotation marks omitted).

Here, neither the BIA nor IBIA gave a reasoned interpretation of the above regulations, and they failed to explain their application of the regulations to the facts of this case. Instead, the BIA and IBIA summarily applied the regulations to favor Chaney, in derogation of the rights of Plaintiff. Further, the questions of whether a common-law easement by necessity exists and whether it is a "valid existing right" under ANILCA are not within the expertise of the BIA, and they are more in the "bailiwick" of this Court.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH        Page 19 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

For the above reasons, the Court should not defer to the interpretation and application of the above regulations by the BIA and IBIA. Instead, the Court should rule that the BIA and IBIA had the authority to confirm the validity of the easement by necessity across the Chaney allotment. Their failure to do so was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, and it was unsupported by substantial evidence, in violation of section 706(2)(A) and (E) of the APA.

**F.   The Court Should Reverse the IBIA's Decision to Not Correct the Chaney Allotment Grant, under 43 U.S.C. § 1746**

Even if the BIA lacked the administrative authority to confirm the easement by necessity, the Secretary of the Department of the Interior ("Secretary") has the statutory authority to do so by correcting the Chaney allotment grant. Section 316 of the Federal Lands Policy Management Act ("FLPMA"), 43 U.S.C. § 1746, states, in pertinent part:

> The Secretary may correct patents or documents of conveyance issued pursuant to section 1718 of this title or to other Acts relating to the disposal of public lands where necessary in order to eliminate errors. In addition, the Secretary may make corrections of errors in any documents of conveyance which have heretofore been issued by the Federal Government to dispose of public lands.

The Tenth Circuit Court of Appeals construed this provision of FLPMA in *Foust v. Lujan*, 942 F.2d 712 (1991). There, a federal land patentee's successor sought correction of the patent. That argument had been rejected by the Interior Board of Land

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH       Page 20 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Appeals ("IBLA") within the U.S. Department of the Interior. The Tenth Circuit reversed, ruling that the Secretary had the authority and the obligation to make the correction under section 316 of FLPMA. That was true, the court wrote, even though it would require conveyance of tribal land: "The fact that the Secretary is vested with responsibilities both to correct patent errors and to act as trustee for the Indians cannot operate against patentees who have Indians, rather than non-Indians, as neighbors." *Id*. at 715.

In so ruling the court in *Faust* looked to regulations of the Department of the Interior for a definition of errors in patents:

> *Error* means the inclusion of erroneous descriptions, terms, conditions, covenants, reservations, provisions and names *or the omission of requisite descriptions, terms, conditions, covenants, reservations, provisions and names either in their entirety or in part, in a patent or document of conveyance as a result of factual error*. This term is limited to mistakes of fact and not of law.

43 C.F.R. § 1865.0-5(b) (emphasis added).

The *Faust* court found that because the survey, and the resulting legal description in the patent, failed to include improvements that the patentee had built and that BLM had intended to convey to him, IBLA's decision to not correct the patent failed the "substantial evidence" test of section 706(2)(E) of the APA. The court wrote:

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH          Page 21 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

> The record shows that the United States intended to convey the land that Smith entered and improved. Accordingly, the IBLA's determination was not based on substantial evidence.

942 F.2d at 717. The court concluded that considerations of equity and justice warranted amendment of the patent, and that the BIA's opposition to patent correction was insufficient to prevent correction. *Id.*

Likewise here, the record is clear that BLM knew that the Shade access road predated the commencement of Chaney's use and occupancy of her allotment land, and that the Acting State Director of BLM wrote to Senator Ten Stevens stating that if Chaney's allotment is determined to be valid, "the Certificate will contain a reservation for the pre-existing road." As in *Faust*, under the circumstances present here, the failure of the Secretary to correct the Chaney allotment grant to reflect the existence of the Shade access road was unsupported by substantial evidence and should be reversed by this Court, under section 316 of FLPMA and section 706(2)(E) of the APA.

IBIA's decision declining to correct the Chaney allotment grant was "final for the Department." 43 C.F.R. § 4.312. In its decision, IBIA stated that for BLM to correct the Chaney allotment grant under section 316 of FLPMA would require Chaney's agreement, which obviously would not be forthcoming. (67 IBIA 17; Docket No. 15-1 at 4-5) However, there is nothing in the regulations of the Department of the Interior that require such agreement. *See* 43 C.F.R. Subpart 1865 – Correction of Conveyancing

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH      Page 22 of 35

Documents, §§ 1865.0-1 through 1865.4. Any contrary interpretation of those regulations by IBIA is not entitled to deference, under the principles articulated in *Kizer v. Wilke, supra*. Further, even if the regulations must be so construed, they must be rejected as an improper limitation on the Secretary's power under section 316 of FLPMA, which contains no requirement of consent by the conveyancee to correct a conveyance document.

IBIA relied on *Rosander Mining Co.*, 84 IBLA 60 (1984), in support of its decision regarding the need for Chaney's consent under the above Department regulations. (67 IBIA 18-19; Docket No. 15-1 at 5-6) For the reasons stated above, this Court need not defer to that IBLA decision. In any event, IBLA stated in *Rosander* that even without the consent of the conveyancee, a person harmed by an erroneous patent is not precluded "from seeking judicial recognition of its rights." 84 IBIA 64.

### G.    The Court Should Grant Summary Judgment in Favor of Plaintiff on His Claims for a Declaratory Judgment, and for Mandamus or Injunctive Relief, Against the United States and Chaney

The Court has the jurisdiction to declare, as against both the United States and Chaney, that an easement by necessity exists across the Chaney allotment and to order the Defendants to take action consistent with that declaration. That jurisdiction exists even if this Court rules that the United States did not breach its trust and fiduciary duties to Plaintiff, even if this Court rules that the BIA and IBLA did not misconstrue and

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH        Page 23 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

misapply the applicable regulations, and even if this Court rules that the Secretary should not be ordered to correct the Chaney allotment grant.

First, this Court has jurisdiction to issue a declaratory judgment regarding questions of federal law. 28 U.S.C. § 1331; 28 U.S.C § 2201. Here, Plaintiff asserts that an easement by necessity across the Chaney allotment exists, under section 905(a)(1)(A) and (a)(8)(A) of ANILCA, an Act of Congress. Second, it is plain that a case or controversy is present here regarding the existence and enforceability of that easement. 28 U.S.C. § 2201(a). Finally, the Court should exercise its discretion to issue a declaratory judgment here. *Wilton v. Seven Falls Company*, 515 U.S. 277, 281 (1995). There is no pending state court proceeding and one could not be brought, all necessary parties have been joined, and the claims of all parties in interest can satisfactorily be adjudicated in this action.

In addition to granting summary judgment on Plaintiff's request for declaratory relief, the Court should grant Plaintiff's motion for partial summary judgment on his claims for mandamus or injunctive relief against the United States and Chaney. Plaintiff does not seek summary judgment on his claim for monetary damages against Chaney.

## V.     THE QUIET TITLE ACT DOES NOT BAR THIS ACTION

The United States and Chaney argue that this action should be dismissed under the Quiet Title Act ("QTA"), 28 U.S.C. § 2409a(a). There, Congress waived the United

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH          Page 24 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

States' sovereign immunity in a civil action to adjudicate a disputed title to real property in which the United States claims an interest. However, the statute sets out an exception to that waiver: it does not apply to trust or restricted Indian lands. The United States and Chaney argue that this Indian lands exception to the QTA applies here, that the United States retains its sovereign immunity, and that this action should accordingly be dismissed. For the following reasons, that argument is without merit.

**A.    This Action Is Not Brought Under The QTA**

Plaintiff does not bring this action against the United States under the QTA. Instead, this action is brought under the APA, claiming that the BIA breached its trust and fiduciary duties to Plaintiff by failing to protect his interest in, and right of access to, the Shade allotment. Further, Plaintiff challenges the decision of the BIA and IBIA that the BIA lacks the administrative authority to protect Plaintiff's right of access to the Shade allotment. Plaintiff asks for a declaratory judgment, and mandamus or injunctive relief, against the United States, and for declaratory and injunctive relief against Chaney. As noted above, it is for these claims that Plaintiff now seeks partial summary judgment.

The reason for the Indian lands exception to the QTA's waiver of sovereign immunity is to protect the interests of the affected Indians or Alaska Natives. In *Metropolitan Water District of Southern California v. United States*, 830 F.2d 139, 143-

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH          Page 25 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

States' sovereign immunity in a civil action to adjudicate a disputed title to real property in which the United States claims an interest. However, the statute sets out an exception to that waiver: it does not apply to trust or restricted Indian lands. The United States and Chaney argue that this Indian lands exception to the QTA applies here, that the United States retains its sovereign immunity, and that this action should accordingly be dismissed. For the following reasons, that argument is without merit.

**A.    This Action Is Not Brought Under The QTA**

Plaintiff does not bring this action against the United States under the QTA. Instead, this action is brought under the APA, claiming that the BIA breached its trust and fiduciary duties to Plaintiff by failing to protect his interest in, and right of access to, the Shade allotment. Further, Plaintiff challenges the decision of the BIA and IBIA that the BIA lacks the administrative authority to protect Plaintiff's right of access to the Shade allotment. Plaintiff asks for a declaratory judgment, and mandamus or injunctive relief, against the United States, and for declaratory and injunctive relief against Chaney. As noted above, it is for these claims that Plaintiff now seeks partial summary judgment.

The reason for the Indian lands exception to the QTA's waiver of sovereign immunity is to protect the interests of the affected Indians or Alaska Natives. In *Metropolitan Water District of Southern California v. United States*, 830 F.2d 139, 143-

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH          Page 25 of 35

44 (1987), abrogated on other grounds by 567 U.S. 209, the Ninth Circuit Court of Appeals stated: "Congress, in passing the Indian lands exception to the QTA, explained that the Federal Government's trust responsibility for Indian lands is the result of solemn obligations entered into by the United States Government." (Internal quotation marks and citation omitted.)

Chaney is not the only Alaska Native who is affected here. Plaintiff is also an Alaska Native, and his rights are directly impacted. As noted in *Aguilar v. United States*, *supra*, the protection of Indian property rights is an area where the United States' trust responsibility has its greatest force. It would be anomalous indeed if the United States could avoid its trust responsibility to Plaintiff by hiding behind the Indian lands exception to the QTA. In doing so, the United States is improperly favoring Chaney (whose position on the merits has no validity) over Plaintiff (whose position on the merits is valid).

If the Indian lands exception to the QTA were to bar Plaintiff's claim here because it is one against Chaney's allotment, that exception should likewise bar Chaney's argument here because it is against an important property right appurtenant to the Shade allotment. For this reason alone, the Indian lands exception of the QTA does not bar Plaintiff's claim against the United States in this action.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH      Page 26 of 35

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

In *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209 (2012), the Supreme Court held that the QTA provides the exclusive means by which "adverse claimants" can challenge the United States' title to real property, where "adverse claimants" is defined as "plaintiffs who themselves assert a claim to property antagonistic to the Federal Government's." *Id*. at 219-20. *Patchak* found the QTA inapplicable because the plaintiff's claim for title was not "the essence and bottom line" of plaintiff's case. *Id*. at 220.

Likewise here, Plaintiff simply seeks recognition of a property interest *of* the government – the easement by necessity, appurtenant to the Shade allotment – that the government holds as the owner and trustee of the Shade allotment. Plaintiff does not assert a claim to property antagonistic to that of the government. As in *Patchak*, the QTA is not addressed to the type of claim that Plaintiff asserts here, and he may assert that claim under the APA. *Id*. at 220.

By relying on the Indian lands exception to the QTA, without having first administratively decided the validity of the easement by necessity, the United States fails to provide "some rationale" for its position on the merits, which position has been taken in "an arbitrary or frivolous manner," thereby removing this action from the QTA. *State of Alaska v. Babbit (Albert)*, 38 F.3d 1068, 1076 (9th Cir. 1994). Further, because this case involves competing Alaska Natives and allotments, it involves "exceptional

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH          Page 27 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

circumstances" which should cause this Court to not dismiss this action based on the Indian lands exception to the QTA. *Id*. at 1077.

Finally, if this Court does not exercise jurisdiction here, Plaintiff would find himself holding a right without a remedy, deprived of a forum in either federal or state court. In *Foster v. State, Department of Transportation*, 34 P.3d 1288 (2001), the Alaska Supreme Court wrote:

> Specified states, including Alaska, are granted jurisdiction by 28 U.S.C. § 1360(a) "over civil and criminal actions in Indian territory and involving Indians." But § 1360(b) reserves for the federal courts jurisdiction over questions involving the ownership or right to possession of property held in trust by the United States or subject to a restriction against alienation imposed by the United States. *Hence, we have held that Alaska courts lack jurisdiction to decide claims involving ownership or right to possession of Native allotment land.*

*Id*. at 1290 (footnotes omitted; emphasis added).

### B.    The QTA Does Not Apply Because the United States Does Not Have Colorable Title to the Easement By Necessity Claimed Here

As noted above, neither the BIA nor IBIA disputed that the Shade access road was built and used before commencement by Chaney of the use and occupancy of her allotment land. Further, a permit from BLM was not required for the construction or use of that road. The Chaney allotment was granted subject to the easement by necessity for use of the road, under the express language of section 905(a)(8)(A) of ANILCA, 43 U.S.C. § 1634(a)(8)(A).

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH          Page 28 of 35

Under these circumstances, the United States does not have colorable title to the property interest being asserted by Plaintiff, which is that easement by necessity as it crosses the Chaney allotment. Accordingly, the QTA does not apply to this action. In *Alaska Department of Natural Resources v. United States,* 816 F.3d 580 (2016), relied on by both the United States and Chaney (Docket No. 15 at 9; Docket No. 22, at 15), the Ninth Circuit Court of Appeals stated that the QTA does not apply where the claimant "can show that the rights-of-way it asserts were validly granted before the allotments were issued." *Id.* at 585. Contrary to the arguments of the United States and Chaney, to be "clear and undisputed" that grant need not be by an act of BLM, but it can also be by operation of law.

### C.  The QTA Does Not Apply Because Plaintiff Does Not Assert a Claim to Property of the United States

The QTA does not apply because Plaintiff does not challenge the United States' title to the Chaney allotment. Instead, Plaintiff is merely asserting the right to use an existing road across the Chaney allotment. *See Pine Bar Ranch v. IBIA*, 503 Fed. Appx. 491, 493 (9th Cir. 20120) (not published) (the QTA does not apply to the mere assertion of the right under state law to use an existing road across trust property); *San Francisco Herring Association v. United States Department of the Interior*, 2013 WL 6698860 (Dec. 19, 2013("QTA does not apply where a plaintiff asserts only a statutory right to

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH        Page 29 of 35

use [a road] . . . not a property right." (internal quotation marks omitted, citing *Pine Bar Ranch*)).

> **D.** **The QTA Does Not Apply Because the United States Does Not Dispute That the Shade Access Road Predated Chaney's Use and Occupancy Of Her Allotment Land**

As noted above, the administrative record shows that BLM knew the access road to the Shade allotment was built before the commencement of Chaney's use and occupancy of her allotment land. Further, neither the BIA nor IBIA disputed that the Chaney allotment is subject to "valid existing rights," under section 905(a)(1)(A) of ANILCA. And neither the BIA not IBIA disputed that when a Native allotment is granted, it "shall, when allotted, be made subject to any easement, trail, or right-of-way in existence on the date of the Native allotment applicant's commencement of use and occupancy," under section 905(a)(8)(A) of ANILCA. Finally, neither the BIA nor IBIA contested or disputed Plaintiff's claim to the existence of an easement by necessity across Chaney's allotment. Instead, their decisions specifically avoided the question and instead rested solely on their view that the BIA lacked administrative authority to recognize that easement.

In *Robinson v. United States*, 586 F.3d 683 (2009), the Ninth Circuit Court of Appeals held that the QTA does not apply where the United States does not dispute an asserted easement across Indian lands:

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH      Page 30 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

> We adopt a pragmatic approach and conclude that a suit that actually challenges the federal government's title, however denominated, falls within the scope of the QTA regardless of the remedy sought. To hold otherwise would merely allow parties to avoid the limitations of the QTA by raising contract or tort claims. *At the same time, a suit that does not challenge title but instead concerns the use of land as to which title is not disputed can sound in tort or contract and not come within the scope of the QTA.*
>
> We now turn to the facts of this case. There is no dispute that the trust property was subject to a sixty-foot easement for specified purposes. The parties agree to that much. *Although the Government suggests, vaguely, that it does dispute the easement, a close reading of its brief indicates that it maintains only that the Indians' use of the land has not interfered with the easement, but does not disagree with the Robinsons about the land area or the intended use of the easement.* The litigation therefore should not result in any adjudication of title to the easement claimed by the Robinsons, and the Robinsons' suit properly sounds in tort, as alleged.

*Id*. at 688 (emphasis added). Likewise, in *Mills v. United States*, 742 F.3d 400, 405 (9th Cir. 2013), the Ninth Circuit Court of Appeals wrote: "For a title to be disputed for purposes of the QTA, the United States must have adopted a position in conflict with a third party regarding that title."

The United States has not done that here. Instead, the BIA and IBIA merely decided that the BIA lacked administrative authority to decide, one way or the other, the existence of an easement by necessity across Chaney's allotment. And now, the United States merely makes the bald jurisdictional argument that the Indian lands exception to

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH        Page 31 of 35

the QTA bars this action, again without disputing the existence of that easement on the merits.

As noted above, in *Alaska Department of Natural Resources v. United States*, *supra* at 585, the Ninth Circuit Court of Appeals stated that the Indian lands exception to the QTA would not bar suit against the United States if the plaintiff can show that the rights-of-way it asserts was validly granted before the allotments was issued. That is precisely the situation present in this case.

### E.    The QTA's Statute of Limitation Is Inapplicable Here

The United States and Chaney argue that the QTA does not apply because of its twelve-year limitation period, 28 U.S.C. § 2409a(g). (Docket No. 15, at 10-11/ Docket No. 22, at 16-17) That argument is without merit for the following reasons.

First, as noted above, this action is not brought under the QTA. Accordingly, the twelve-year limitation period of the QTA has no application here. Instead, this action was timely filed under the APA.

Further, the twelve-year limitation period does not start to run until Plaintiff "knew or should have known of the claim of the United States." 28 U.S.C. § 2409a(g). Plaintiff did not learn, and had no reason to know, that BLM failed to expressly make the Chaney allotment grant subject to the Shade access road until June 2016, when Plaintiff's surveyor learned that from the BLM Indian Lands Surveyor. Although

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH    Page 32 of 35

Case 3:20-cv-00198-HRH   Document 26   Filed 04/16/21   Page 35 of 38

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

Plaintiff's use of the road across Chaney's allotment has been a subject of dispute for some time, that did not put Plaintiff on inquiry notice both that Chaney's allotment grant failed to reference the access road and that, notwithstanding this, the United States would fail to confirm the easement by necessity across that allotment.

Finally, Chaney's continued interference with the easement by necessity to the Shade allotment, and the United States' acquiescence in that interference, constitute a continuing trespass on that easement. *See, e.g., Oaksmith v. Brusich*, 774 P.2d 191, 200 n.10 (Alaska 1989) ("Under theories of continuing trespass or nuisance, each harmful act constitutes a new cause of action for statute of limitation purposes and, therefore, the accrual of a cause of action is not measured from the date of the initial trespass so as to bar the entire action."); 75 *Am. Jur.* 2d § 179 Trespass ("In the case of a statutory limitation period of a certain number of years, where a continuing trespass began more than five years prior to the filing an action, the statute of limitations does not bar the action entirely but limits recovery to a period of the specified number of years immediately prior to suit." (footnote omitted)).

### F. The QTA Does Not Preclude the Court's Jurisdiction over Plaintiff's Claims Against the United States Under the APA

As argued above, the Court has jurisdiction under the APA to decide this action against the United States, and that jurisdiction is not foreclosed by the Indian lands exception to the QTA. Shade's APA appeal would be barred by that exception only if

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH    Page 33 of 35

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

the "essence and bottom line" of this action is to contest the United States' "title" to the Chaney allotment. *McMaster v. United States*, 731 F.3d 881, 900 (9th Cir. 2013). That is not the case here. Instead, Shade's APA appeal challenges the decision of the BIA and IBIA that they lacked the administrative authority to recognize an existing easement by necessity across the Chaney allotment, the validity of which is not in dispute, or the decision of the Secretary to not correct the Chaney allotment grant.

## VI.    INDISPENSABLE PARTIES

Chaney argues that if the United States is dismissed from this action, she should be dismissed as well because the United States is an "indispensable party." (Docket No. 22, at 18-23) Plaintiff agrees that both the United States and Chaney are indispensable parties here. However, for the reasons discussed above, neither should not be dismissed from this action. Again, doing so would leave Plaintiff with a right but no remedy.

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH      Page 34 of 35

## VII.  CONCLUSION

For the reasons stated above, the Court should grant Plaintiff's motion for partial summary judgment against the United States and Chaney on Plaintiff's request for a declaratory judgment, and for his request for mandamus or injunctive relief. Further, the Court should deny the motion of the United States, joined in by Chaney, to dismiss this action under the QTA.

Dated at Anchorage, Alaska, this 16th day of April, 2021.

WINNER & ASSOCIATES, P.C.
Attorneys for the Plaintiff Kenneth H. Shade

By:____/s/ Russell L. Winner_____
        Russell L. Winner
        Alaska Bar No. 4811179

**Certificate of Service**
I hereby certify that on April 16, 2020,
a copy of the foregoing document was served electronically
through the ECF system as indicated on the Notice of Electronic Filing.

By: _____/s/ Carrie Sisson_____
      Carrie Sisson

Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS, AND
PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT
*Kenneth H. Shade v. U.S. Department of the Interior, et al.; Chaney*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH    Page 35 of 35

Case 3:20-cv-00198-HRH   Document 26   Filed 04/16/21   Page 38 of 38