WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KENNETH H. SHADE,  )
 )
                Plaintiff, )
 )
vs. )
 )
UNITED STATES DEPARTMENT OF )
THE INTERIOR, et al., )
 )   No. 3:20-cv-0198-HRH
                Defendants. )
_____)

O R D E R

Motion to Stay Response Deadlines[1]

Defendants move to stay response and reply deadlines with respect to plaintiff's corrected cross-motion for partial summary judgment.[2] The motion is opposed.[3] At the request of all parties,[4] the court stayed the time for responses and replies with respect to plaintiff's opposition to the motion to dismiss and motion for partial summary judgment[5]

---

[1]Docket No. 32.

[2]Docket No. 31.

[3]Docket No. 35.

[4]Docket No. 33.

[5]Docket No. 34.

ORDER – Motion to Stay Response Deadlines    - 1 -

pending a ruling by the court on the motion to stay response deadlines now under consideration.[6]

Defendant U.S. Department of the Interior moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure.[7] Defendant Chaney joined in the motion to dismiss.[8] Plaintiff first filed an opposition to the motion to dismiss and a cross-motion for summary judgment[9] and subsequently filed a corrected opposition to plaintiff's motion and plaintiff's "cross-motion" for summary judgment.[10] At this point, the court entered its order suspending responses and replies with respect to the pending motions.

Defendants argue that plaintiff's motion for partial summary judgment is not a "cross-" motion for summary judgment. In fact, defendants have not moved for summary judgment and there is at this point substantial doubt that the court would need to convert defendants' motion to dismiss to a motion for summary judgment for purposes of considering materials outside of plaintiff's complaint. Defendants contend that the motion for partial summary judgment is premature because the court has not yet determined that it has jurisdiction.[11] Plaintiff acknowledges that the court must decide whether it has juris-

---

[6]Docket No. 32.

[7]Docket No. 15.

[8]Docket No. 22.

[9]Docket No. 26.

[10]Docket No. 31.

[11]Docket No. 32 at 4.

ORDER – Motion to Stay Response Deadlines - 2 -

diction before taking up plaintiff's motion for partial summary judgment.[12] While conceding that the court must decide jurisdictional issues before reaching the merits of the case, plaintiff argues that "to be fully informed about the parties' positions on jurisdiction, the Court should receive briefing from Defendants on the arguments made in Plaintiff's cross-motion for partial summary judgment."[13] The court disagrees.

Defendants' motion to dismiss is made pursuant to Rule 12(b)(1), "lack of subject matter jurisdiction." The motion is also expressly based upon Rule 12(b)(6),[14] "failure to state a claim upon which relief can be granted"; but it is made plain by defendants' motion to dismiss that the Rule 12(b)(6) issue is that "the complaint fails to plead a cognizable legal theory for jurisdiction."[15] The United States sums up its motion to dismiss as follows:

> The Shade's complaint fails for lack of jurisdiction under the QTA [Quiet Title Act] because it claims an interest in Indian lands and it is time-barred by the statute of limitations. Neither the DJA [Declaratory Judgment Act] nor the APA [Administrative Procedure Act] may be used to side-step the QTA's limited waiver of sovereign immunity. For the reasons provided here, the Shade's complaint should be dismissed.[[16]]

Plaintiff has the burden of proving that this court has jurisdiction as to his claims. Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001).

---

[12]Docket No. 35 at 1.

[13]Docket No. 35 at 7.

[14]Docket No. 15 at 1 and 5.

[15]Docket No. 15 at 6.

[16]Id. at 17.

ORDER – Motion to Stay Response Deadlines - 3 -

The essence of defendants' motion to dismiss is the question of whether or not this court has jurisdiction. That question must be taken up first. Argument regarding plaintiff's motion for partial summary judgment would be a distraction. It will be most efficient for the court and parties to take up the motion to dismiss first. If that motion is granted, there will be no need for a response to plaintiff's motion for partial summary judgment. If some but not all of plaintiff's complaint survives the motion to dismiss, it will more likely than not be necessary that plaintiff revise its motion for summary judgment. In the latter regard – and if an Administrative Procedure Act claim were to survive the motion to dismiss – this case would go forward as an administrative appeal case. See Local Civil Rule 16.3. Such a case will require the preparation and filing of a complete, certified, administrative record, which the court does not yet have. See Local Civil Rule 16.3(b). Without that administrative record, plaintiff's motion for partial summary judgment is premature.

In consideration of the foregoing, defendants' motion to stay summary judgment briefing pending resolution of defendants' motion to dismiss is granted. Briefing of plaintiff's motion for partial summary judgment is stayed until further order of the court. Defendants' reply memorandum in support of their motion to dismiss shall be served and filed on or before **June 1, 2021**.

DATED at Anchorage, Alaska, this  17th  day of May, 2021.

/s/  H. Russel Holland
United States District Judge