**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KENNETH H. SHADE, )
 )
                Plaintiff, )
 )
vs. )
 )
UNITED STATES DEPARTMENT OF )
THE INTERIOR, et al., )
 )   No. 3:20-cv-0198-HRH
                Defendants. )
_____)

O R D E R

Second Motion to Dismiss[1]

The federal defendants (the United States Department of the Interior, et al., but not defendant Chaney) move to dismiss plaintiff's second amended complaint.[2] The motion is opposed.[3] Oral argument has not been requested and is not deemed necessary.

Plaintiff's first amended complaint[4] set forth five counts:

(1)    Count I – declaratory judgment against all defendants;

(2)    Count II – declaratory judgment against the Secretary only;

(3)    Count III – mandamus or injunctive relief against the Secretary only;

---

[1]Docket No. 62.

[2]Docket No. 52.

[3]Docket No. 72.

[4]Docket No. 14.

ORDER – Second Motion to Dismiss               - 1 -

(4) Count IV – injunctive relief against Chaney only; and

(5) Count V – damages against Chaney only.

By its order of September 16, 2021,[5] the court granted the federal defendants' motion to dismiss,[6] which was joined in by defendant Chaney.[7] The court dismissed Counts I, II(b) and II(c), III, IV, and V of plaintiff's first amended complaint. The court provided that plaintiff might file a second amended complaint and advised that, in the absence of a second amended complaint, the case would proceed as an APA appeal on Counts II(a) and II(d).[8]

Plaintiff filed a second amended complaint,[9] which replicated Counts I through V of plaintiff's first amended complaint and added:

(6) Count VI – breach of contract against Chaney only;[10]

(7) Count VII – trespass and tortious interference against both the Secretary and Chaney;[11] and

(8) Count VIII – violation of the Takings Clause against the Secretary and Chaney.[12]

---

[5]Docket No. 44.

[6]Docket No. 15.

[7]Docket No. 22.

[8]Docket No. 44 at 18.

[9]Docket No. 52.

[10]Second Amended Complaint at 19, ¶¶ 49-54, Docket No. 52.

[11]Id. at 20-21, ¶¶ 55-61.

[12]Id. at 21-22, ¶¶ 62-69.

ORDER – Second Motion to Dismiss - 2 -

Plaintiff did not amend Count II(a) or II(d). The court had supposed that plaintiff might amend his Count II in the course of filing a second amended complaint. That did not happen. Plaintiff's Count VIII in his amended complaint fleshes out plaintiff's Count II(a) which alleges a breach of trust by the federal defendants, which the court now understands to be based upon the loss of access to plaintiff's Native allotment, not a claim of an easement across the Chaney Native allotment.

Counts I, II(b) and II(c), III, IV, and V are again dismissed as to all defendants for the reasons set forth in the court's September 16, 2021, order.[13]

By their second motion to dismiss, the federal defendants acknowledge the court's holding that plaintiff's Counts II(a) and II(d) are not foreclosed by the Quiet Title Act ("QTA").[14] Now, the federal defendants argue that plaintiff lacks standing to bring Counts II(a) and II(d).[15] To have standing, a plaintiff must have suffered an injury in fact, there must be a causal connection between the injury and the conduct complained of, and it must be likely (as opposed to merely speculative) that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Federal defendants argue that plaintiff has not been injured by the alleged incorrect decision of the federal defendants. But they concede that "Plaintiff has alleged an injury that, ordinarily, would suffice to establish his standing to bring Counts II(a) and II(d)."[16] The federal defendants recognize that "Plaintiff alleges that he has been injured by not

---

[13] Docket No. 44.

[14] Docket No. 62 at 8.

[15] Id. at 9.

[16] Id. at 12.

ORDER – Second Motion to Dismiss - 3 -

Case 3:20-cv-00198-HRH   Document 78   Filed 03/21/22   Page 3 of 9

having access to his allotment."[17]  Plaintiff has lost the use of an easement across the Chaney Native allotment that allowed access to his Native allotment from the local public road system.  That loss of access is an injury-in-fact for purposes of standing.

Turning to the causation element of standing, it is undisputed that it was the conduct of the federal defendants that resulted in the loss of access from plaintiff's Native allotment across defendant Chaney's Native allotment to the local road system.

To have standing, a plaintiff must demonstrate that it is likely (as opposed to speculation) that the injury which he suffered will be redressed by a favorable decision.  The federal defendants argue that plaintiff cannot show the likelihood of a remedy for his loss of access to his allotment.

The absence of a legal easement from plaintiff's allotment across defendant Chaney's allotment does not necessarily leave plaintiff without a remedy for the lack of legal access from his Native allotment to the local road system.  There has been an injury-in-fact to plaintiff, caused by the federal defendants' alleged breach of trust duty to plaintiff, which can be remedied by the federal defendants' determination that they can afford plaintiff access from the local road system to his Native allotment by means other than crossing the Chaney Native allotment.

That breach of trust duty could also be remedied by a determination in the course of APA review proceedings that the federal defendants have misinterpreted 43 U.S.C. § 1746.  For the present, the court leaves open the question presented by plaintiff's Count II(d):  is 43 U.S.C. § 1746 subject to implementation in a fashion that would avoid a title dispute regarding an easement across the Chaney Native allotment.  It appears to the

---

[17]Id. at 12 (footnote omitted).

ORDER – Second Motion to Dismiss                                                                                          - 4 -

court arguable that correcting a mistake (assuming there was one) in the issuance of the Chaney allotment is authorized by § 1746 and does not depend on a title dispute. Title 43, United States Code, Section 1746, appears to be a congressionally authorized means of resolving federal defendants' conflicting trust duties to both plaintiff and defendant Chaney.

The court concludes that plaintiff has standing to bring Counts II(a) and II(d) of his second amended complaint. The federal defendants' motion to dismiss Counts II(a) and II(d) is denied.

The federal defendants also seek the dismissal of Count VII of plaintiff's second amended complaint alleging trespass and tortious interference by the federal defendants and defendant Chaney. The federal defendants argue that the court lacks jurisdiction over the plaintiff's Count VII. Plaintiff disagrees, arguing that "here, as in <u>Robinson</u> [586 F.3d 683 (9th Cir. 2009)], the United States has not disputed the existence of an access easement across the Chaney allotment."[18]

The federal defendants first argue that plaintiff has not alleged a jurisdictional basis for Count VII. That is accurate, except that in his opposition brief, plaintiff clarifies that the Federal Tort Claims Act is the jurisdictional basis for his tort claims against the United States.[19]

Second, the federal defendants do dispute the existence of an easement across the Chaney allotment. There is, of course, a roadway physically present across the Chaney allotment from the plaintiff's Native allotment to the local road system; but the <u>legal</u>

---

[18]Plaintiff's Opposition to Motion to Dismiss at 10, Docket No. 72.

[19]<u>Id.</u> at 11.

ORDER – Second Motion to Dismiss                                                                                          - 5 -

existence of that easement is at the heart of the dispute between the parties. Quoting from Robinson, plaintiff argues that:

> Where, on the other hand, there was no real dispute as to an ownership interest, courts have held that the QTA does not apply to a related tort claim.[20]

Robinson is inapposite. The federal defendants dispute the existence of a legal easement across the Chaney Native allotment, even though everyone recognizes that physically there is a road crossing the Chaney Native allotment.

Because the road in question does not legally exist, there is no basis for plaintiff's Count VII alleging that the federal defendants are trespassing on or tortiously interfering with plaintiff's use of the road.

Plaintiff's Count VII also fails wherein it seeks injunctive and mandamus relief against the Secretary.[21] Moon v. Takisaki, 501 F.2 389, 390 (9th Cir. 1974).

Plaintiff's Count VII is dismissed.

The federal defendants also contend that the court lacks jurisdiction over plaintiff's Count VIII of the second amended complaint alleging a violation of the Takings Clause contained in the Fifth Amendment to the United States Constitution. The claim is asserted against both the Secretary and defendant Chaney. In contrast to the plaintiff's allegations in Count VII (which focused on the Chaney Native allotment), plaintiff's "Takings Clause" claim asserts that "[p]laintiff has a property interest in his inherited portion of the [Shade] Native allotment."[22] The federal defendants misread plaintiff's Count VIII. That

---

[20]Id. at 9.

[21]Docket No. 52 at 20, ¶¶ 59 and 60.

[22]Id. at 21, ¶ 64.

ORDER – Second Motion to Dismiss                                      - 6 -

claim has to do with the loss of access to plaintiff's Native allotment, not the loss of use of an easement across the Chaney Native allotment. Plaintiff's Count VIII does not present any form of title dispute with respect to the Chaney Native allotment. Here, we deal with a claim that the federal defendants have deprived plaintiff of access to his Native allotment.

Plaintiff has a constitutionally protected property interest in his inherited interest in the Shade Native allotment. See Pence v. Kleppe, 529 F.2d 135, 141 (9th Cir. 1976). If plaintiff is denied all reasonable access to his interest in the Shade Native allotment, then plaintiff has effectively been deprived of his property. See Washoe County v. United States, 319 F.3d 1320, 1326 (Fed. Cir. 2003). The Fifth Amendment Takings Clause has to do with the taking of property for a "public use". If there has been a taking that is not for public use, then the taking is invalid. Here, it appears that plaintiff's loss of access between his Native allotment and the local road system does not serve any public purpose. If there were a taking in this case, it appears invalid as alleged in plaintiff's second amended complaint.[23]

Based upon his allegation of an invalid taking of property not for public purpose, plaintiff seeks injunctive and mandamus relief.

The federal defendants argue that plaintiff's Count VIII should be dismissed because the essence of the claim is plaintiff's allegation that the easement exists.[24] But plaintiff makes no such argument as to his Count VIII. Plaintiff argues that "[i]f [he] is denied all reasonable access to [his] allotment, Plaintiff has effectively been deprived of

---

[23] Docket No. 52 at 21, ¶ 66.

[24] Docket No. 62 at 17.

his property."[25] Plaintiff's Count VIII depends upon the non-existence of an easement across the Chaney Native allotment. Plaintiff's loss of access claim does not run afoul of the Indian lands exception to the QTA.

In his opposition to the federal defendants' motion to dismiss, plaintiff seems to argue that the Fifth Amendment Takings Clause itself waives sovereign immunity of the United States.[26] The United States Supreme Court has held that a Takings Clause claim can only be brought pursuant to an express waiver of sovereign immunity. United States v. Mottaz, 476 U.S. 834, 841 (1986). For the reasons set out above, the QTA is not implicated in plaintiff's Count VIII, and the Indian lands exception to the QTA which preserves the federal defendants' sovereign immunity does not apply. Plaintiff has not identified any other statute that waives sovereign immunity for purposes of the Takings Clause.

Count VIII of plaintiff's second amended complaint is not plausible as stated. The federal defendants' motion to dismiss Count VIII of plaintiff's second amended complaint is granted, with leave to amend.

## Conclusion

The federal defendants' motion to dismiss is granted in part and denied in part. The federal defendants' motion to dismiss and this order do not address plaintiff's Count VI, Count VII, and Count VIII claims against defendant Chaney. The motion is denied as to Counts II(a) and II(d). The motion is granted as to Count I, Counts II(b) and (c), Count III, Count IV, and Count V of plaintiff's second amended complaint which claims are dismissed as to all defendants. Count VII of plaintiff's second amended complaint is

---

[25] Docket No. 72 at 12.

[26] Id. at 14.

dismissed as to the federal defendants. Count VIII of plaintiff's second amended complaint is dismissed as to the federal defendants, with leave to amend within **14 days** of the date of this order.

If plaintiff elects to file an amended Count VIII (Takings Clause claim), he shall refile only as to those un-dismissed claims as to all defendants and the Takings Clause claim.

The federal defendants joined with their motion to dismiss an alternative motion to sever any surviving APA claims from plaintiff's claims against Chaney. A separate motion to sever[27] is also pending before the court and will be decided shortly.

DATED at Anchorage, Alaska, this  21st  day of March, 2022.

/s/  H. Russel Holland
United States District Judge

---

[27] Docket No. 63.