**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENNETH H. SHADE,<br><br>                    Plaintiff,<br><br>  vs.<br><br>UNITED STATES DEPARTMENT OF<br>THE INTERIOR, et al.,<br><br>                    Defendants. | No. 3:20-cv-0198-HRH |

O R D E R

Motion to Sever[1]

      Defendant United States of America, et al., (hereafter the "federal defendants"), move for an order severing plaintiff's Administrative Procedure Act ("APA") claims from plaintiff's claims asserted against defendant Chaney. The motion is opposed by plaintiff.[2] Defendant Chaney does not oppose the motion to sever.[3] Oral argument has not been requested and is not deemed necessary.

      Motions for severance pursuant to Rule 21, Federal Rules of Civil Procedure, require consideration of the following:

---

[1]Docket No. 63. The parties' briefing of the motion to sever has been consolidated into their memoranda in support of the United States' motion to dismiss plaintiff's second amended complaint. Docket Nos. 62, 72, and 76.

[2]Docket No. 73.

[3]Docket No. 70.

ORDER – Motion to Sever                                                                                   - 1 -

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

Trazo v. Nestlé USA, Inc., No. 5:12-cv-02272-PSG, 2013 WL 12214042, at *2 (N.D. Cal. Dec. 4, 2013) (quoting S.E.C. v. Leslie, No. 07-03444, 2010 WL 2991038, at *4 (N.D. Cal. July 29, 2010)). Applying the foregoing factors to this case – in which plaintiff's second amended complaint joins his APA claims with a breach of contract claim, Count VI, a trespass claim, Count VII, and a takings claim, Count VIII, against defendant Chaney – the court finds that:

(1) Plaintiff's claims arise from the same transaction or occurrence: the legal status of a road across defendant Chaney's Native allotment.

(2) The controlling law applicable to the plaintiff's claims against Chaney is substantially different from plaintiff's APA claims against the United States.

(3) Severance or not is unlikely to affect the settlement of claims, but severance will likely facilitate judicial economy.

(4) Prejudice to any party is unlikely inasmuch as the granting of the severance will not result in a change in judicial assignments.

(5) Plaintiff's APA claim is unlikely to involve any live testimony or discovery, whereas plaintiff's other claims will involve both discovery and the testimony of witnesses.

In consideration of the foregoing, the federal defendants' motion to sever might be granted. But there is a better way to accomplish the needed separation between plaintiff's APA Counts II(a) and (d) and plaintiff's claims against defendant Chaney.

Rule 42(b), Federal Rules of Civil Procedure, provides that: "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "[B]ifurcation under Rule 42(b) is appropriate where claims are factually interlinked, such that a separate trial may be appropriate, but final resolution of one claim affects the resolution of the other." Gaffney v. Riverboat Servs. of Ind., Inc., 451 F.3d 424, 442 (7th Cir. 2006). When a court bifurcates a trial under Rule 42(b), there remains one case and one final judgment, which the court does not enter until all phases of the bifurcated trial are complete. 1 Steven S. Gensler & Lumen N. Mulligan, Federal Rules of Civil Procedure, Rules and Commentary Rule 21 (2022).

Alternatively, courts may sever claims under Rule 21 if the claims are "discrete and separate," meaning that "one claim . . . [is] capable of resolution despite the outcome of the other claim." Gaffney, 451 F.3 at 442 (quoting Rice v. Sunrise Express, Inc., 209 F.3d 1008, 1016 (7th Cir. 2000)).

Here, bifurcation rather than severance is appropriate.

Plaintiff's claims against the federal defendants and Chaney are intertwined. They all have to do with access to plaintiff's Native allotment from the local public road system. That access might be across defendant Chaney's Native allotment or around it. Currently, there is no legal access to plaintiff's Native allotment, and resolution of that problem might be accomplished in a fashion affecting defendant Chaney or in a fashion not affecting defendant Chaney. One possible resolution of plaintiff's claim against the

ORDER – Motion to Sever - 3 -

federal defendants could moot his claims against defendant Chaney. In all events, the parties appear to agree that defendant Chaney should remain a party to plaintiff's APA case – which, in a real sense, conflicts with the severance that the federal defendants seek. That said, the law and procedure for management of plaintiff's APA claim as to the federal defendants and plaintiff's claims against defendant Chaney are very different. Plaintiff's APA claim will be processed on the administrative record without discovery or the need of a trial. Plaintiff's claims against defendant Chaney may proceed as a normal civil case involving discovery, further motion practice, and a trial.

The federal defendants' motion for severance[4] is denied. Proceedings on plaintiff's claims against defendant Chaney are bifurcated from plaintiff's APA claim against the federal defendants. In due course and pursuant to Local Civil Rule 16.3, the court will enter a scheduling order for the APA side of the case, and subsequently will enter an order pursuant to Rule 26(f), Federal Rules of Civil Procedure, and Local Civil Rule 16.1(b), requiring a conference of counsel leading to the entry of a scheduling and planning order with respect to plaintiff's claims against defendant Chaney.

DATED at Anchorage, Alaska, this  22nd  day of March, 2022.

/s/   H. Russel Holland
United States District Judge

---

[4]Docket No. 63.