WO                    IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KENNETH SHADE and ERIC SHADE,        )
                                     )
                    Plaintiffs,      )
                                     )
        vs.                          )
                                     )
UNITED STATES DEPARTMENT OF          )
THE INTERIOR, et al.,                )
                                     )        No. 3:20-cv-0198-HRH
                    Defendants.      )
_____)

<u>O R D E R</u>

<u>Motion to Dismiss</u>

Defendant Ellamae Chaney moves to dismiss plaintiff's claims asserted against her in the third amended complaint.[1]  This motion is opposed by plaintiff Kenneth H. Shade.[2]  Oral argument was not requested and is not deemed necessary.

<u>Background</u>

"Plaintiff, who is an Alaska Native, is a devisee of a restricted Native allotment ('Shade allotment') from his father, Henry Shade, who died testate on March 28, 2009."[3]

---

[1]Docket No. 101.

[2]Docket No. 103.

[3]Third Amended Complaint [etc.] at 8, ¶ 18, Docket No. 96.

-1-

Plaintiff alleges that "[t]he Shade allotment was conveyed by BLM to Henry Shade on September 23, 1976."[4] Plaintiff alleges that "in the 1960s Henry Shade built and maintained a dirt road approximately one mile in length from Aleknagik Lake Road to his allotment ('Shade access road')" and that "[t]he Shade access road is the only practicable means of access to the Shade allotment."[5] Plaintiff alleges that under the terms of Henry Shade's will, "[p]laintiff is to receive a house on the Shade allotment and ten acres of land surrounding it" and that his brother, "Eric Shade is to receive the remainder of the allotment, which is largely undeveloped."[6]

Plaintiff alleges that in 1992, a restricted Native allotment was conveyed to Chaney.[7] Plaintiff further alleges that the Shade access road crosses Chaney's allotment.[8] Plaintiff alleges that "[i]n the course of subdividing the Shade allotment," it was discovered that the "BLM had mistakenly forgotten to include an express reservation of a right-of-way for the Shade access road" even though the "BLM knew from its field work that the Shade access road was built before Chaney began the use and occupancy of her allotment site and that the

---

[4] Id. at 8, ¶ 19.

[5] Id. at 8-9, ¶ 20.

[6] Id. at 9, ¶ 21.

[7] Id. at 10, ¶ 23.

[8] Id.

road was necessary to access the Shade allotment."[9]  Plaintiff alleges that "[b]ecause of the lack of recognized legal access over the Chaney allotment to the Shade allotment, the subdivision of the Shade allotment and the probate of Henry Shade's [will] has been put on hold, and [p]laintiff has not been able to receive title to his portion of the Shade allotment."[10]

Plaintiff alleges that "[b]efore Chaney applied for her Native allotment, she agreed with Henry Shade that if her allotment was granted, the road could continue to be used as access to his Native allotment in exchange for his assistance with her application."[11]  Plaintiff also alleges that "[a]fter learning of BLM's mistake in the Chaney allotment conveyance certificate, [p]laintiff asked Chaney to acknowledge that the Shade access road, as it crosses her allotment, was and is a 'valid existing right' under ANILCA, to which her allotment is subject."[12]  Plaintiff alleges that "Chaney has refused to do so[,]" and that "Chaney and those acting on her behalf have, from time to time, interfered and threatened to interfere with the use of the Shade access road by fuel suppliers, tradesmen, and others seeking access to the Shade allotment. . . ."[13]  Plaintiff alleges that Chaney has "rejected suggestions by the federal

---

[9]Id.

[10]Id. at 10, ¶ 24.

[11]Id. at 9, ¶ 20.

[12]Id. at 11, ¶ 25.

[13]Id.

agencies that she mediate this dispute with" him.[14]  Plaintiff alleges that "[b]ecause of Chaney's actions and failure to act," he "is unable to receive title to his portion of his father's allotment, . . . obtain financing or insurance for the house, and . . . live in the house that he was intended to inherit."[15]

Plaintiff commenced this action on August 12, 2020.  Plaintiff's original complaint asserted claims against the federal defendants and Chaney, including several which sought recognition of the Shade access road as an encumbrance on Chaney's Native allotment.[16]  The federal defendants moved to dismiss plaintiff's complaint, a motion in which Chaney joined.[17]  On September 16, 2021, the court granted in part and denied in part the motion to dismiss.  The motion was denied as to plaintiff's Counts II(a) and (d), which were APA claims based on plaintiff's allegation that the Secretary erred in determining the extent of her 43 U.S.C. § 1746 authority in connection with his administrative appeal.[18]  The motion was otherwise granted and plaintiff's other claims were dismissed as "foreclosed by the Indian lands exception to the" Quiet Title Act.[19]  Plaintiff was given leave to amend his complaint,

---

[14]Id.

[15]Id.

[16]Docket No. 1.

[17]Docket Nos. 15 and 22.

[18]Order re Motion to Dismiss at 18, Docket No. 44.

[19]Id.

-4-

and on September 30, 2021, plaintiff filed his second amended complaint.[20] In his second amended complaint, plaintiff asserted an APA claim against the federal defendants and trespass, tortious interference, and takings claims against Chaney and the federal defendants.[21] The federal defendants again moved to dismiss plaintiff's claims against them.[22] The court granted in part and denied in part the federal defendants' motion to dismiss.[23] The motion was denied as to plaintiff's APA claim but was granted as to all other claims against the federal defendants.[24] In addition, the court dismissed some of plaintiff's claims against Chaney but expressly did not address plaintiff's breach of contract, trespass, tortious interference, and takings claims against Chaney.[25] Plaintiff was again given leave to amend his complaint.[26]

In addition to moving to dismiss plaintiff's second amended complaint, the federal defendants also moved to sever plaintiff's APA claim from his claims against Chaney.[27] The court denied the motion to sever, finding that "bifurcation rather than severance is

[20]Docket No. 52.

[21]Id. at 20-22, ¶¶ 55-69.

[22]Docket No. 62.

[23]Docket No. 78.

[24]Id. at 8-9.

[25]Id. at 8-9.

[26]Id. at 9.

[27]Docket No. 63.

-5-

appropriate."[28]   Thus, "[p]roceedings on plaintiff's claims against defendant Chaney are

bifurcated from plaintiff's APA claim against the federal defendants."[29]

On May 26, 2022, plaintiff filed a third amended complaint against the federal

defendants,[30] Chaney, and Eric Shade.[31]   Plaintiff's third amended complaint contains three

counts against Chaney.   In Count II, plaintiff asserts a breach of contract claim and a breach

of the implied covenant of good faith and fair dealing claim based on allegations that

> [b]efore Chaney applied for her Native allotment, she and Henry
> Shade agreed as follows:  Henry Shade agreed to assist Chaney
> in her allotment claim by helping her stake her land, by support-
> ing her claim, and by allowing her to use the access road that he
> had built to Aleknagik Lake Road; in exchange, Chaney agreed
> that if her allotment application was granted, the road could
> continue to be used as access to his Native allotment.[32]

For relief on Count II, plaintiff seeks "an order of specific performance to enforce [the]

agreement[,]" or in the alternative, damages.[33]   In Count III, plaintiff asserts trespass and

tortious interference claims against Chaney based on an allegation that "Chaney, by her

---

[28]Order re Motion to Sever at 3, Docket No. 79.

[29]Id. at 4.

[30]The federal defendants answered the third amended complaint on June 17, 2022. Docket No. 100.

[31]Eric Shade had since been realigned as a party plaintiff to the claims asserted against Chaney.  See Order re Motion for Realignment at 3, Docket No. 115.

[32]Third Amended Complaint [etc.] at 16, ¶ 39, Docket No. 96.

[33]Id. at 16-17, ¶¶ 42-43.

actions, has continuously and tortiously trespassed and interfered with [p]laintiff's use and enjoyment of his interest in the Shade allotment, to his harm and detriment."[34]  For relief on Count III, plaintiff seeks declaratory and injunctive relief and damages.[35]  In Count IV, plaintiff asserts a takings claim against Chaney based on an allegation that he has a property interest in the Shade allotment and that "Chaney['s] taking [p]laintiff's property interest in the Shade allotment [is] constitutionally invalid because the public use requirement of the Takings Clause has not been met."[36]  For relief on Count IV, plaintiff seeks declaratory and injunctive relief, mandamus, and damages.[37]

Pursuant to Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure, Chaney now moves to dismiss all claims asserted against her.

<u>Discussion</u>

First, Chaney moves to dismiss plaintiff's takings claim in Count IV on the grounds that this claim is barred by the statute of limitations and thus the court lacks jurisdiction over this claim.  A takings claim is subject to the six-year statute of limitations in 28 U.S.C. § 2401(a).[38]  Although Chaney argues that Section 2401(a) is jurisdictional, and the Ninth

---

[34]<u>Id.</u> at 17, ¶ 46.

[35]<u>Id.</u> at 17-18, ¶¶ 47-49.

[36]<u>Id.</u> at 18, ¶¶ 52, 54.

[37]<u>Id.</u> at 20, ¶¶ 56-59.

[38]Section 2401(a) provides, in relevant part, that "every civil action commenced
(continued...)

-7-

Circuit said as much in <u>Loring v. United States</u>, 610 F.2d 649, 650 (9th Cir. 1979), in a later case, the Ninth Circuit held "that § 2401(a)'s six-year statute of limitations is not jurisdictional[.]" <u>Cedars-Sinai Medical Center v. Shalala</u>, 125 F.3d 765, 770 (9th Cir. 1997). Some district courts have questioned whether <u>Cedars-Sinai</u> is still good law after the Supreme Court's decision in <u>John R. Sand & Gravel Co. v. United States</u>, 552 U.S. 130 (2008), which "dealt with" the statute of limitations in "§ 2501[.]" <u>Padres Hacia Una Vida Mejor v. Jackson</u>, Case No. 1:11–cv–1094 AWI DLB, 2012 WL 1158753, at *3 (E.D. Cal. April 6, 2012). "[W]hile other courts have found § 2401 is jurisdictional in part because of <u>John R.</u>, <u>e.g.</u> <u>West Virginia Highlands Conservancy v. Johnson</u>, 540 F. Supp. 2d 125, 143 (D.D.C. 2008), and a panel of the Ninth Circuit has indicated that <u>Cedars–Sinai</u> may no longer be good law, <u>see</u> <u>Aloe Vera of Am., Inc. v. United States</u>, 580 F.3d 867, 872 (9th Cir. 2009) . . . , the Ninth Circuit has yet to actually overrule <u>Cedars–Sinai</u>." <u>Id.</u> "As such, '[i]n the Ninth Circuit, <u>Cedars–Sinai</u> still is controlling law. . . .'" <u>Id.</u> (quoting <u>Rancheria v. Salazar</u>, 2010 WL 693420 (N.D. Cal. Feb. 23, 2010)). Thus, Chaney's motion to dismiss plaintiff's takings claim against her must be treated as a Rule 12(b)(6) motion, not a Rule 12(b)(1) jurisdictional motion.

"'To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"

---

[38](...continued)
against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

-8-

Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). "The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." Id. "'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 678). "[T]he complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" In re Rigel Pharmaceuticals, Inc. Securities Litig., 697 F.3d 869, 875 (9th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Srvc., 671 F.3d 1138, 1142-43 (9th Cir. 2012). "However, the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." In re Tracht Gut, LLC, 836 F.3d 1146, 1150 (9th Cir. 2016).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,

-9-

969 (9th Cir. 2010) (quoting <u>Huynh v. Chase Manhattan Bank</u>, 465 F.3d 992, 997 (9th Cir.2006)). "Under section 2401(a), a cause of action first accrues when the 'person challenging the action can institute and maintain a suit in court.'" <u>Alsea Valley Alliance v. Evans</u>, 161 F. Supp. 2d 1154, 1160 (D. Or. 2001) (quoting <u>Trafalgar Capital Assoc. v. Cuomo</u>, 159 F.3d 21, 34 (1st Cir.1998)). In his third amended complaint, plaintiff alleges that he "has a property interest in his inherited portion of the Shade allotment" and that "Chaney [has] taken [his] property by depriving him of all access to, and the use and enjoyment of, his interest in the Shade allotment."[39] Chaney argues that accepting plaintiff's allegations as true, the takings claim would have accrued in 1992 when Chaney's allotment certificate was issued.

Plaintiff, however, argues that his takings claim is not time barred because Chaney's actions that have deprived him of the use and enjoyment of his property "are a series of distinct and separate acts, not isolated to a single permanent event occurring years ago."[40] Plaintiff argues that it is sufficient that he has alleged that Chaney has interfered with, and continues to interfere with, his use of the Shade access road. Plaintiff relies on Alaska trespass law in support of this argument. The Alaska Supreme Court has noted that "[u]nder theories of continuing trespass or nuisance, each harmful act constitutes a new cause of action for statute of limitations purposes and, therefore, the accrual of a cause of action is not

---

[39]Third Amended Complaint [etc.] at 18, ¶¶ 52-53, Docket No. 96.

[40]Plaintiff's Opposition to Chaney's Motion to Dismiss Third Amended Complaint at 3, Docket No. 103.

measured from the date of the initial trespass so as to bar the entire action." Oaksmith v. Brusich, 774 P.2d 191, 200 n.10 (Alaska 1989). "A nuisance is continuing if it 'can be discontinued or abated'; classic examples include 'an ongoing or repeated disturbance, such as a disturbance caused by noise, vibration or foul odor, that may vary over time.'" Whittle v. Weber, 243 P.3d 208, 216 (Alaska 2010) (quoting Bartleson v. United States, 96 F.3d 1270, 1275 (9th Cir. 1996)). Trespass encompasses "any unlawful interference with one's person, property, or rights." Fernandes v. Portwine, 56 P.3d 1, 6 (Alaska 2002) (citation omitted). Because Chaney's conduct, which is depriving him of the use and enjoyment of his property, is ongoing, plaintiff argues that his takings claim is not barred by the six-year statute of limitations.

But, "the continuing violations doctrine is inapplicable as this case involves a single act . . . with the continuing consequence of divesting [p]laintiff of his right to use and enjoy [his p]roperty." Tadros v. Stack, Case No. 0-12546, 2021 WL 3856258, at *3 (D.N.J. Aug. 30, 2021). If there has been a taking in this case, it was a single act that occurred in 1992 when Chaney's allotment was granted.

That does not mean, however, that plaintiff's takings claim must be dismissed as time barred. In order to dismiss a claim based on the statute of limitations, the running of the statute must be apparent on the face of the complaint. Plaintiff has alleged that the Shades did not become aware that there was not "an express reservation of a right-of-way for the Shade access road" in the Chaney allotment until they started working on "subdividing the

-11-

Shade allotment" after Henry's death.[41]  It is not entirely clear from the face of plaintiff's

third amended complaint when this work began.  Plaintiff has alleged that on July 24, 2014,

he and his brother reached an agreement as "to the boundaries of the ten acres of the Shade

allotment to be conveyed to" plaintiff.[42]  Plaintiff may not have learned about the lack of an

express right-of-way in Chaney's allotment until sometime thereafter.  Given that plaintiff

commenced this action in August 2020, it is possible that his takings claim is timely.  It is

equally possible that it is not timely.  But, at this point, the court cannot say that it is apparent

from the face of plaintiff's third amended complaint that the statute of limitations on the

takings claim has run.

        But even if plaintiff's takings claim against Chaney is timely, this claim must still be

dismissed because it is not plausible.  Generally, a "plaintiff must establish two elements to

have a viable" takings claim.  In re Upstream Addicks and Barker (Texas) Flood-Control

Reservoirs, 146 Fed. Cl. 219, 246 (Fed. Cl. 2019).  First, a plaintiff "must establish that he

or she holds 'a property interest for purposes of the Fifth Amendment.'"  Id. (quoting

Caquelin v. United States, 140 Fed. Cl. 564, 572 (2018)).  Second, "'the court must

determine whether the governmental action at issue amounted to a compensable taking of

that property interest.'"  Id. (quoting Amer. Pelagic Fishing Co., L.P. v. United States, 379

F.3d 1363, 1372 (Fed. Cir. 2004) (emphasis added)).  "The Takings Clause governs the

_____

        [41]Third Amended Complaint [etc.] at 10, ¶ 23, Docket No. 96.

        [42]Id. at 9, ¶ 22.

-12-

conduct of the government, not private actors." Wells Fargo Bank, N.A. v. Mahogany Meadows Avenue Trust, 979 F.3d 1209, 1214 (9th Cir. 2020). "What a plaintiff 'may challenge under the Fifth Amendment is what the government has done, not what [third parties] have done.'" Navajo Nation v. United States, 631 F.3d 1268, 1274 (Fed. Cir. 2011) (quoting Fallini v. United States, 56 F.3d 1378, 1383 (Fed. Cir. 1995)). "'In order to apply the proscriptions of the Fifth Amendment to private actors, there must exist a sufficiently close nexus between the (government) and the challenged action of the . . . (private) entity so that the action of the latter may be fairly treated as that of the (government) itself.'" Siegler v. Sorrento Therapeutics, Inc., Case No. 3:18-cv-01681-GPC-NLS, 2019 WL 3532294, at *21 (S.D. Cal. Aug. 2, 2019) (quoting Rank v. Nimmo, 677 F.2d 692, 701 (9th Cir. 1982)). "This nexus may be established by showing that the government exercised such coercive power or such significant encouragement that it is responsible for the specific private conduct challenged, or by showing that the private entity has exercised powers that are traditionally the exclusive prerogative of the government." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir. 1986).

Plaintiff argues that he has alleged a sufficient nexus between Chaney's actions and the government's actions because the government has provided "significant encouragement" to Chaney. Id. But, plaintiff does not explain what this significant encouragement was nor did he make any such allegations in his third amended complaint. Plaintiff has also not alleged that Chaney exercised a power that is "traditionally the exclusive prerogative of the

-13-

government." Id.  Plaintiff has not alleged that Chaney took any action that could be viewed as "governmental."

Nonetheless, plaintiff argues that his takings claim against Chaney is plausible. Plaintiff contends that Chaney, and the individual federal defendants, have taken his property without having a valid public purpose, which violates the Takings Clause.  Plaintiff insists that he has not alleged that he is entitled to just compensation for a legitimate taking.  Rather, he claims that the taking of his property is invalid because it serves no legitimate public purpose.  Plaintiff seems to be suggesting that such a claim is a plausible takings claim that can be asserted against a private individual.  He argues that if he can assert a takings claim against the individual federal defendants, then he can assert a plausible takings claim against Chaney as well.

Whether plaintiff can assert a plausible takings claim against the individual federal defendants is irrelevant to the question of whether his takings claim against Chaney is plausible.  The Takings Clause can only apply to Chaney if she could be considered a government actor, and plaintiff has not alleged that Chaney was a government actor.  Without such allegations, plaintiff's takings claim against Chaney is not plausible, and it is dismissed.

Chaney next argues that plaintiff's state law claims in Counts II and III must be dismissed for lack of jurisdiction.  First, Chaney argues that the court cannot have supplemental jurisdiction over these state law claims without original jurisdiction.  "[A] district court that has original jurisdiction over a civil action 'shall have supplemental

-14-

jurisdiction,' subject to certain exceptions, 'over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" <u>Arroyo v. Rosas</u>, 19 F.4th 1202, 1209 (9th Cir. 2021) (quoting 28 U.S.C. § 1367(a)). But, "if the court dismisses all federal claims for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims. Dismissal on jurisdictional grounds means that the court was without original jurisdiction and had no authority to do anything other than to determine its jurisdiction." <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 806 (9th Cir. 2001).

This argument fails because none of the federal claims have been dismissed for lack of subject matter jurisdiction. The court has dismissed plaintiff's takings claim against Chaney on plausibility grounds, not jurisdictional grounds. And, the federal claims against the federal defendants, over which the court has original jurisdiction (the APA and takings claims), are still pending in this case.

Chaney next argues that this court lacks supplemental jurisdiction of the state law claims because plaintiff's state law claims are not related to plaintiff's federal claims against the federal defendants. To support supplemental jurisdiction, "state and federal claims must derive from a common nucleus of operative fact." <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 725 (1966). The state law claims must be "so related to claims over which the court has original jurisdiction 'that they form part of the same case or controversy[.]'" <u>McManus v. Aleutian Region School Dist.</u>, Case No. 3:20-cv-00099-TMB, 2021 WL

-15-

3645864, at *6 (D. Alaska Aug. 17, 2021) (quoting 28 U.S.C. § 1367(a)). If the federal claims and state claims are not so related, the court lacks jurisdiction over the state law claims. Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1174 (9th Cir. 2002).

Chaney argues that there is not a sufficient nexus or relationship between the alleged taking of plaintiff's property in 1992 when the Chaney allotment certificate was issued and plaintiff's state law contract, trespass, and tortious interference claims. Chaney argues that these claims involve separate and distinct actions, between different parties, and at different periods of time. Chaney points out that the court recently observed that

> the law and procedure for management of plaintiff's APA claim as to the federal defendants and plaintiff's claims against defendant Chaney are very different. Plaintiff's APA claim will be processed on the administrative record without discovery or the need of a trial. Plaintiff's claims against defendant Chaney may proceed as a normal civil case involving discovery, further motion practice, and a trial.[43]

Chaney argues that this means that the APA claim will be resolved long before plaintiff's claims against her are ready to proceed to trial, which Chaney insists means that the APA claim is not related to the state law claims.

This argument fails. The court has already decided that plaintiff's claims against Chaney are related to the claims against the federal defendants. As the court recently observed,

---

[43]Order re Motion to Sever at 4, Docket No. 79.

> "[p]laintiff's claims against the federal defendants and Chaney are intertwined. They all have to do with access to plaintiff's Native allotment from the local public road system. That access might be across defendant Chaney's Native allotment or around it. Currently, there is no legal access to plaintiff's Native allotment, and resolution of that problem might be accomplished in a fashion affecting defendant Chaney or in a fashion not affecting defendant Chaney.[44]

In short, plaintiff's state law claims against Chaney are related to the federal claims such that the court has supplemental jurisdiction over plaintiff's state law claims against Chaney.

The court can, however, decline to exercise its supplemental jurisdiction because "[s]upplemental 'jurisdiction 'is a doctrine of discretion[.]'" Gomez v. Rossi Concrete, Inc., 270 F.R.D. 579, 586 (S.D. Cal. 2010) (quoting City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172 (1997)). "The general rule is 'when federal claims are dismissed before trial . . . pendent state claims should also be dismissed.'" Campos v. Fresno Deputy Sheriff's Assoc., 535 F. Supp. 3d 913, 930 (E.D. Cal. 2021) (quoting Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367-68 (9th Cir. 1992)). Because the takings claim against her is being dismissed, Chaney urges the court to follow this general rule and decline to exercise supplemental jurisdiction over the state law claims.

This argument ignores the fact that not all of the federal claims in this case have been dismissed. Plaintiff's APA and takings claims against the federal defendants remain pending. Thus, the fact that the court has dismissed plaintiff's takings claim against Chaney

---

[44]Id. at 3.

-17-

is not a sufficient reason for the court to decline to exercise its supplemental jurisdiction over plaintiff's state law claims.

Chaney also suggests that the court could decline to exercise its supplemental jurisdiction over plaintiff's state law claims because state law issues will "substantially predominate[] over the claim . . . over which the district court has original jurisdiction[.]" 28 U.S.C. § 1367(c)(2). Given that the court has bifurcated the claims against Chaney from the APA claim asserted against the federal defendants, this is not a reason for the court to decline to exercise its supplemental jurisdiction.

Because the court will, in its discretion, exercise supplemental jurisdiction over plaintiff's state law claims, it must decide whether those claims can survive Chaney's Rule 12(b)(6) motion. Chaney argues that they cannot; plaintiff disagrees.

In Count II, plaintiff asserts contract claims against Chaney. Plaintiff alleges that Henry Shade and Chaney had an oral agreement that Henry would assist Chaney "by helping her stake her land, by supporting her claim, and by allowing her to use the access road that he had built to Aleknagik Lake Road" and that she, in turn, would allow him to use the Shade access road "if her allotment application was granted[.]"[45] Plaintiff alleges that Chaney "breached her obligations under that [oral] agreement" and that Chaney "breached the covenant of good faith and fair dealing implied in that agreement."[46] For relief on Count II,

---

[45]Third Amended Complaint [etc.] at 16, ¶ 39, Docket No. 96.

[46]Id. at 16, ¶¶ 40-41.

plaintiff seeks "an order of specific performance to enforce [the] agreement[,]" or in the alternative, damages.[47]

"'A party seeking specific performance of an oral contract to convey an interest in real property must first show that the agreement was taken out of the statute of frauds, such as by part performance.'" Matter of Estate of Rodman, 498 P.3d 1054, 1065 (Alaska 2021) (quoting King v. Richards, 584 P.2d 50, 51 (Alaska 1978)). "'Next, he must prove the existence of a contract sufficiently definite and certain in its terms to warrant a grant of specific performance.'" Id. (quoting King, 584 P.2d at 51). "'Formation of a contract requires an offer, encompassing all essential terms, an unequivocal acceptance by the offeree of all terms of the offer, consideration, and intent to be bound by the offer.'" Id. (quoting Hall v. Add-Ventures, Ltd., 695 P.2d 1081, 1087 n.9 (Alaska 1985)). "'A greater degree of certainty is required for specific performance than for damages.'" Id. (quoting Hollaus v. Arend, 511 P.2d 1074, 1075 (Alaska 1973)).

As an initial matter, plaintiff argues that the statute of frauds does not apply here because Chaney was to begin performance within one year of her receiving her allotment grant. This argument is in reference to subsection (a)(1) of the statute of frauds, which requires that "an agreement that by its terms is not to be performed within a year from the making of it" be in writing in order to be enforceable. AS 09.25.010(a)(1).

---

[47]Id. at 16-17, ¶¶ 42-43.

But, it is not sufficient, as plaintiff argues, that "Chaney was to begin performance within one year of her receiving her allotment grant"[48] because subsection (a)(1) does not relate to when performance begins but rather applies to "an agreement that by its terms is not to be performed within a year from the making of it." Any oral agreement between Chaney and Henry Shade would have had to be entered into in the late 1960s or early 1970s, before she applied for her allotment. That means that the agreement could not possibly have been fully performed "within a year from the making of it" because plaintiff has alleged that the agreement was to provide ongoing access to the Shade allotment. Thus, the purported oral agreement falls within subsection (a)(1) of the statute of frauds.[49]

Because the purported oral agreement falls within the statute of frauds, plaintiff's breach of contract claim is implausible unless he has alleged that an exception to the statute of frauds exists. Such exceptions include partial performance, Matter of Estate of Rodman, 498 P.3d at 1065, and promissory estoppel. Kiernan v. Creech, 268 P.3d 312, 315 (Alaska 2012).

Plaintiff argues that Chaney has, from time to time, allowed the Shades and others to use the Shade access road and that this partial performance precludes Chaney from asserting

---

[48]Plaintiff's Opposition to Chaney's Motion to Dismiss Third Amended Complaint at 14-15, Docket No. 103.

[49]The purported oral agreement also falls within subsection (a)(6) of the statute of frauds. That subsection requires that "an agreement for . . . any interest in real property, or to charge or encumber real property" be in writing in order to be enforceable. AS 09.25.010(a)(6).

-20-

the statute of frauds. Plaintiff also argues that the promissory estoppel exception to the statute of frauds could apply here. "The doctrine of promissory estoppel allows the enforcement of contract-like promises despite a technical defect or defense that would otherwise make the promise unenforceable." Id. Plaintiff's promissory estoppel argument is based on a contention that "Henry Shade expended time and energy in assisting Chaney to obtain her allotment."[50]

But, plaintiff has not alleged any facts in his third amended complaint to support his contentions that partial performance and/or promissory estoppel takes the purported oral agreement out of the statute of frauds. Plaintiff has not alleged in his third amended complaint that Chaney has, from time to time, allowed the Shades and/or others to use the access road nor has he alleged that Henry Shade spent time and effort in assisting her to obtain her allotment. These are new allegations made in an opposition brief and thus they "are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." Schneider v. Calif. Dep't of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

But even if plaintiff had alleged that the purported oral agreement had been taken out of the statute of frauds, which he has not, plaintiff's breach of contract claim would still be

---

[50]Plaintiff's Opposition to Chaney's Motion to Dismiss Third Amended Complaint at 15, Docket No. 103.

implausible because plaintiff has not adequately alleged the terms of the oral agreement. As set out above, plaintiff has alleged that Chaney agreed that "if her allotment application was granted, the road could continue to be used as access to [Henry's] Native allotment."[51] But, plaintiff has not alleged to whom Chaney agreed to provide access, whether it was just Henry Shade or whether it would be for all successors in interest. Plaintiff has not alleged what kind of access was being given, whether it was just for individual residential use or was it for future subdivisions and/or commercial business operations. Plaintiff's allegations as to the terms of the contract are not sufficiently definite and concrete so as to make plaintiff's breach of contract claim plausible.

Because plaintiff's breach of contract claim is not plausible, his breach of the implied covenant claim is also implausible. Plaintiff's contract claims in Count II are dismissed.[52]

In Count III, plaintiff asserts trespass and tortious interference claims against Chaney based on an allegation that "Chaney, by her actions, has continuously and tortiously trespassed and interfered with [p]laintiff's use and enjoyment of his interest in the Shade allotment, to his harm and detriment."[53] These claims are not plausible for the same reason the court found such claims asserted against the federal defendants to be implausible. In its

_____

[51]Third Amended Complaint [etc.] at 16, ¶ 39, Docket No. 96.

[52]Because the contract claims are being dismissed as implausible, the court need not consider Chaney's argument that these claims are subject to dismissal on statute of limitations grounds. The court would only note that it is not apparent from the face of the third amended complaint that the statute of limitations has run on the contract claims.

[53]Third Amended Complaint [etc.] at 17, ¶ 46, Docket No. 96.

-22-

order on the federal defendants' motion to dismiss plaintiff's second amended complaint, the court stated that "[b]ecause the road in question does not legally exist, there is no basis for plaintiff's Count VII alleging that the federal defendants are trespassing on or tortiously interfering with plaintiff's use of the road."[54] This statement applies equally to the trespass and tortious interference claims asserted against Chaney. While plaintiff's trespass and tortious interference claims in his third amended complaint are stated somewhat differently than they were in plaintiff's second amended complaint, these claims are still based on his use of the Shade access road. The only way Chaney is alleged to have interfered with plaintiff's use and enjoyment of the Shade allotment is by preventing him from using the Shade access road. But, although physically present, the road in question does not legally exist as an encumbrance or restriction on Chaney's Native allotment. Thus, there is no basis for plaintiff's trespass and tortious interference claims against Chaney and these claims are dismissed as implausible.[55]

Conclusion

Chaney's motion to dismiss is granted. Plaintiff's claims asserted against Chaney in his third amended complaint are dismissed. Plaintiff is not given leave to amend as to his

---

[54]Order re Second Motion to Dismiss at 6, Docket No. 78.

[55]Because the trespass and tortious interference claims are being dismissed as implausible, the court need not consider Chaney's argument that these claims are subject to dismissal on statute of limitations grounds. The court would only note that it is not apparent from the face of the third amended complaint that the statute of limitations has run on these claims.

-23-

takings claim in Count IV or his trespass and tortious interference claims in Count III. Amendment as to these claims would be futile. Plaintiff is given leave to amend as to his contract claims in Count II. Although the court has some doubts as to whether plaintiff can plausibly plead around the statute of frauds problem (and perhaps a statute of limitations problem), it may be possible for plaintiff to plead plausible contract claims. If plaintiff elects to file a fourth amended complaint against Chaney, his fourth amended complaint shall be filed on or before September 6, 2022.

DATED at Anchorage, Alaska, this 16th day of August, 2022.

/s/ H. Russel Holland
United States District Judge

-24-