RUSSELL L. WINNER, ABA 7811149
WINNER & ASSOCIATES, P.C.
900 W. 5th Avenue, Suite 700
Anchorage, AK 99501
Telephone: (907) 277-9522
Facsimile: (907) 277-4510
Email: rwinner@winnerlaw.com
Attorneys for Plaintiff Kenneth H. Shade

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KENNETH H. SHADE,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT<br>OF THE INTERIOR; et al.,<br><br>      Defendants. | |

Case No. 3:20-cv-00198-HRH

**PLAINTIFF'S MOTION FOR ORDER
DIRECTING BLM TO ISSUE CORRECTED
ALLOTMENT CERTIFICATE TO CHANEY**

Plaintiff Kenneth H. Shade, by his undersigned attorney, hereby respectfully asks the Court to rule that he has now satisfied the requirement to exhaust administrative remedies, and to direct the Bureau of Land Management ("BLM") to issue to Ellamae Chaney the corrected Native allotment certificate that it has prepared. The basis for this motion follows.

*Kenneth H. Shade v. U.S. Department of the Interior, et al.*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH     Page 1 of 5

Case 3:20-cv-00198-HRH     Document 213     Filed 12/18/25     Page 1 of 5

## I. BACKGROUND

In this administrative appeal, Plaintiff argued that he should not be required to exhaust his administrative remedies by asking BLM to correct Chaney's allotment certificate because doing so would be a futile act, in light of decisions of the Interior Board of Land Appeals ("IBLA").[1]

Citing those IBLA decisions, Federal Defendants argued that BLM did not have authority to correct Chaney's allotment certificate.[2] Notwithstanding this, Federal Defendants argued that Plaintiff should be required to exhaust his administrative remedies to allow BLM to bring its expertise to bear to Plaintiff's request.[3]

In its Decision on Administrative Appeal, dated June 27, 2023, the Court ruled that it was not convinced that it would be futile for Plaintiff to exhaust his administrative remedies by asking BLM to correct Chaney's allotment certificate.[4] However, the Court's decision made clear that BLM had the authority to correct Chaney's certificate.[5]

---

[1] Docket No. 131, at 25; Docket No. 155, at 14-16.

[2] Docket No. 152, at 17-20.

[3] *Id*. at 20-21.

[4] Docket No. 156, at 18.

[5] *Id*. at 18-19.

*Kenneth H. Shade v. U.S. Department of the Interior, et al.*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH   Page 2 of 5

Case 3:20-cv-00198-HRH   Document 213   Filed 12/18/25   Page 2 of 5

Following the Court's decision, on July 14, 2023, Plaintiff asked BLM to correct Chaney's allotment certificate.

On July 26, 2024, BLM issued a notice that it intended to correct Chaney's certificate, consistent with the Court's Decision on Administrative Appeal. *See* Exhibit 1, attached hereto. Accompanying that notice was a proposed corrected certificate, prepared by BLM, which added the following language:

> THE GRANT OF THE ABOVE-DESCRIBED LAND IS SUSBJECT TO: The continued right of public access along the non-exclusive use road, not to exceed ten (10) feet in width.

*See* Exhibit 2, attached hereto. The notice asked for comments on the proposed correction.

Chaney objected to the correction, disputing the factual finding regarding the pre-existing access road to the Shade allotment, and arguing that BLM lacked the authority to correct her certificate without her agreement. Plaintiff responded to those objections.

On December 12, 2025, BLM changed course and issued a decision stating that it lacked the authority to correct Chaney's certificate ("BLM's Decision"). *See* Exhibit 3, attached hereto. There, BLM found no factual issues, acknowledging—as the Court found in the Decision on Administrative Appeal[6]—that Chaney's certificate mistakenly

---

[6] Docket No. 156, at 2-11.
Law Offices of
**WINNER & ASSOCIATES, P.C.**
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

*Kenneth H. Shade v. U.S. Department of the Interior, et al.*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH  Page 3 of 5

Case 3:20-cv-00198-HRH   Document 213   Filed 12/18/25   Page 3 of 5

failed to include reference to the pre-existing road.[7] Notwithstanding this, BLM's Decision stated that in light of the earlier decisions of IBLA—which had previously been cited to the Court by Federal Defendants—it lacked the authority to correct Chaney's certificate.[8] BLM's Decision stated that it was not bound by this Court's Decision on Administrative Appeal because it viewed the language there concerning BLM to be mere dicta.[9]

## II.  ARGUMENT

In light of the above, Plaintiff asks the Court to rule that he has now satisfied the requirement to exhaust administrative remedies. Plaintiff should not be required to take the additional step of appealing BLM's Decision to IBLA, because that would be a futile act: it is clear that IBLA would likely reject that appeal. As this Court noted in its Decision on Administrative Appeal,[10] in *Vasquez-Rodriquez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021), the Ninth Circuit wrote: "Where the agency's position appears already set and recourse to administrative remedies is *very likely* futile, exhaustion is not

---

[7] Ex. 1, at 2-3.

[8] *Id*. at 7-9.

[9] *Id*. at 7.

[10] Docket No. 156, at 17.

*Kenneth H. Shade v. U.S. Department of the Interior, et al.*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH    Page 4 of 5

Case 3:20-cv-00198-HRH    Document 213    Filed 12/18/25    Page 4 of 5

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522

required." (emphasis added; internal citation omitted). In light of BLM's Decision, that is precisely the circumstance present here.

This matter has been in litigation at the administrative level and before this Court for over eight years. The Court should now direct BLM to issue to Chaney the corrected Native allotment certificate that it has prepared.

## III. CONCLUSION

For the reasons stated above, Plaintiff respectfully asks the Court to rule that he has now satisfied the requirement to exhaust administrative remedies, and the Court should direct BLM to issue to Chaney the corrected allotment certificate that it has prepared.

A proposed order accompanies this motion.

DATED: December 18, 2025.

        RUSSELL L. WINNER
        WINNER & ASSOCIATES, P.C.
        Attorneys for Plaintiff Kenneth H. Shade

By:   /s/ Russell L. Winner
       Russell L. Winner
       Alaska Bar No. 7811149

**Certificate of Service**

I hereby certify that a copy of the foregoing document was served electronically on the attorneys of record through the Court's CM/ECF System.

        /s/ Russell L. Winner
        Russell L. Winner

*Kenneth H. Shade v. U.S. Department of the Interior, et al.*
U.S. District Court for the District of Alaska, Case No. 3:20-cv-00198-HRH     Page 5 of 5

Case 3:20-cv-00198-HRH    Document 213    Filed 12/18/25    Page 5 of 5

Law Offices of
WINNER & ASSOCIATES, P.C.
900 WEST FIFTH AVENUE, SUITE 700
ANCHORAGE, ALASKA, 99501-2029
(907) 277-9522