IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

KENNETH H. SHADE, )
)
     Plaintiff, )
)
 vs. )
)
UNITED STATES DEPARTMENT OF )
THE INTERIOR, et al., )
)  No. 3:20-cv-0198-HRH
     Defendants. )
_____)

O R D E R

Motion for Corrected Allotment Certificate[1]

Plaintiff Shade moves for an order directing the BLM to issue a corrected allot-

ment certificate to defendant Chaney. The motion is opposed by Chaney.[2] The United

States Department of the Interior ("DOI") asked the court to convene a status conference.[3]

Shade has replied.[4] Oral argument has not been requested.

The court and the parties have participated in an informal status conference, during

which the court and the parties discussed the merits of Shade's motion. No agreement for

further proceedings was reached.

---

[1]Docket No. 213.

[2]Docket No. 219.

[3]Docket No. 220.

[4]Docket No. 221.

ORDER – Motion for Corrected Allotment Certificate      - 1 -

In support of his motion to correct certificate, Shade argues that proceedings before the IBLA would be futile. The United States defendants respond that the court should find further administrative proceedings would be futile or remand the case to the IBLA as requested by Chaney. Chaney argues that the court has no jurisdiction to consider Shade's motion, "particularly given there is not yet a final agency action[]"[5] and Shade has not demonstrated that exhaustion of administrative remedies would be futile.[6] Shade argues that he has satisfied the requirement that he exhaust administrative remedies because further administrative proceedings would be futile. Shade argues that the court should direct the BLM to issue to Chaney a corrected native allotment in which an easement across the Chaney native allotment is reserved.

The factual underpinnings and earlier proceedings in this case are not in dispute. Those facts are detailed in an administrative decision of the BLM issued on December 12, 2025,[7] which, for purposes of this order, may be summarized as follows.

A road from the Shade native allotment to a nearby public road was constructed prior to Chaney's entry upon what became her native allotment. The parties appear to agree that the road crossing the Chaney allotment is the only practical way of getting from the Shade native allotment to the public highway. In issuing the Chaney native allotment, the BLM knew that the road in question existed and that it should be reflected in a reservation of an easement across the Chaney allotment. However, the Chaney allotment was erroneously issued by the BLM without a reservation for the road in question.

---

[5]Docket No. 219 at 3-4.

[6]Id. at 5.

[7]Docket No. 213-3 at 2-3.

ORDER – Motion for Corrected Allotment Certificate — - 2 -

By order of June 27, 2023,[8] the court remanded Count I of Shade's fourth amended complaint to the Department of the Interior for further proceedings. On remand, Shade's efforts to obtain the correction of the Chaney native allotment came before the BLM. The BLM issued a notice that it intended to correct Chaney's allotment certificate[9] if Chaney agreed to the correction of her certificate of allotment.[10] Chaney objected and, in due course, the BLM issued its December 12, 2025, decision.[11] In that decision, the BLM concluded that "[d]ue to Ellamae Chaney disagreeing to the correction of her Certificate of Allotment No. 50-92-0680, the BLM lacks authority to correct the Certificate of Allotment, and a corrected Certificate of Allotment will not be issued."[12] The parties were advised by the BLM that they might appeal the foregoing decision to the IBLA.[13] Shade's notice of appeal was filed pursuant to 43 C.F.R. Part 4.[14]

Following the issuance of the BLM's decision, Shade's motion for an order directing the BLM to issue a corrected allotment certificate to Chaney was then filed with this court. That motion is ripe for decision.

---

[8]Docket No. 156.

[9]See Exhibit 1, Docket No. 213-1

[10]Id. at 3 of 5.

[11]See Exhibit 3 at 1, Docket No. 213-3.

[12]Id. at 9 of 11.

[13]Id.

[14]See Exhibit 1 at 1of 15 , Docket No. 219-1. By notices filed March 16, 2026, Docket Nos. 229 and 230, the court has been advised by the parties that the IBLA has issued an order granting Shade's unopposed motion that IBLA proceedings be suspended until this court rules on Shade's motion now before the court.

ORDER – Motion for Corrected Allotment Certificate                                              - 3 -

Discussion

The sovereign immunity of federal agencies such as the BLM has been waived by the Administrative Procedure Act, 5 U.S.C. § 701, et seq.  Section 704 of Title 5 provides in pertinent part that "[a]gency action made reviewable by statute and <u>final agency action</u> for which there is no other adequate remedy in a court are subject to judicial review."  <u>Id.</u>, emphasis supplied.

The decision by which the BLM declined to correct the Chaney native allotment is patently not a "final agency action."  The BLM decision expressly acknowledged that its decision was appealable to the IBLA, not this court.  Shade having filed his administrative appeal, he has not exhausted his administrative remedies unless exhaustion of those remedies is excused as a matter of law.

In support of his motion to require the issuance of a corrected native allotment to Chaney, Shade argues, based on <u>Vasquez-Rodriquez v. Garland</u>, 7 F.4th 888, 896 (9th Cir. 2021), that he should not be required to take the additional step of appealing the BLM's decision to the IBLA because doing so would be futile.[15]  In <u>Vasquez-Rodriguez</u>, the Ninth Circuit Court of Appeals holds that:

> The general administrative-law rule is that "[f]ailure to pursue administrative remedies will be excused for futility only upon a showing that an adverse decision was a <u>certainty</u>" – or, in other words, that seeking relief from the agency would have been truly futile, not merely unlikely to succeed.

<u>Vasquez-Rodriquez</u>, 7 F.4th at 896 (citation omitted).   However, the Ninth Circuit goes on to say that:  "we have interpreted the standard more generously. We will excuse a failure to exhaust if 'it is very likely what [the Board's] result would have been.'" <u>Id.</u>

---

[15]Docket No. 213 at 4.

ORDER – Motion for Corrected Allotment Certificate                                                                - 4 -

For the reason discussed below, the court is unpersuaded that Shade's appeal to the IBLA would be futile.

The Federal Land Policy and Management Act of 1976 (FLPMA), 43 U.S.C. § 1746, provides that "[t]he Secretary may correct patents or documents of conveyance issued pursuant to section 1718 of this Title or to other Acts relating to the disposal of public lands where necessary in order to eliminate errors." The Secretary's authority under section 1746 is discretionary, not mandatory. The Department of the Interior has enacted a regulation for the implementation of section 1746. Title 43 C.F.R. § 1865.1-3 sets out a procedure for the correction of a conveyance upon a finding that an error was made in "the patent or document of conveyance." The regulation requires notice to persons potentially having an interest in lands in question. The grantee under an erroneous conveyance must "surrender the original patent or other document of conveyance to be corrected."

It is undisputed that an error was made when the BLM failed to reserve a road easement across the Chaney allotment. However, because Chaney refused to surrender her native allotment for correction, Shade's application for correction of the Chaney native allotment was rejected.

In denying relief to Shade, the BLM correctly found, based on <u>Pirtlaw Partners, Ltd.</u>, 183 IBLA 70, 73 (2012), that "the first prerequisite to an exercise of the authority granted under section 316 of FLPMA is that the United States has title to the land in question[.]"[16] The requirement that an erroneous conveyance be surrendered for correction is the regulatory vehicle by which the Department of the Interior has implemented the

---

[16]Docket No. 213-3 at 8.

requirement that the United States be in title as to land said to have been erroneously conveyed.

The critical question here is whether or not the BLM correctly invoked the requirement of section 1865.1-3 that the erroneous conveyance be surrendered for correction.

Allotments to Native Americans such as Chaney who do not reside on a reservation are granted pursuant to 25 U.S.C. § 334 and are subject to section 348. Section 334 makes provision for the issuance of patents in favor of Native Americans who are determined to be eligible. Section 348 provides that such patents be held by the United States "in trust." Section 348 provides that patents to Native Americans must declare that the "United States does and will hold the land thus allotted for a period of twenty-five years, in trust for the use and benefit of the Indian to whom such allotment shall have been made[.]" Section 348 provides for the eventual conveyance "in fee" to the Native American.

Addressing the nature of a Native American's interest in allotted land, we read in 41 Am. Jur. 2d § 76:

> ### § 76 Nature of title; vesting
>
> Under the Indian General Allotment Act,[17] governing the allotment of Indian lands, the United States retains title to the allotted lands in trust for the benefit of the allottees.[18]
>
> Generally, when an allotment statute or treaty requires the issuance of a patent to the allottee, no legal title to the land vests in him or her until he or she receives the patent,[19] nor

---

[17]25 U.S.C.A. §§ 334 et seq.

[18]U.S. v. Mitchell, 445 U.S. 535, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980).

[19]U.S. v. Jackson, 280 U.S. 183, 50 S. Ct. 143, 74 L. Ed. 361 (1930); U.S. v. Reynolds, 250 U.S. 104, 39 S. Ct. 409, 63 L. Ed. 873 (1919); Masayesva for and on

(continued...)

ORDER – Motion for Corrected Allotment Certificate                    - 6 -

> does any title ordinarily vest in an allottee until the allotment has been definitely selected, located, and set apart.[20]  Under the statutes providing for Indian allotments,[21] the allottee is issued a patent whereby the federal government holds the land in trust for a specified number of years.[22]  Thus, a patent is in reality an allotment certificate, Congress having been careful to avoid investing the allottee with title in the first instance.[23]  The legal title is retained by the United States, and while so held, the lands continue to be under the jurisdiction and control of Congress for all governmental purposes relating to the guardianship and protection of the Indians.[24]

41 Am. Jur. 2d § 76 (footnotes, differently numbered, included in original text).

The court concludes that the BLM's December 12, 2025, decision, denying Shade relief, erroneously requires the recovery of Chaney's native allotment certificate.  Title to that property is and has been in the United States at all times relevant to this case.  Concluding that it could not correct the Chaney native allotment without Chaney's consent, the BLM has, without saying so, assumed that the approval of Chaney's native allotment conveyed the land in question out of federal ownership.  It did not; and Chaney's native allotment land, which is held by the United States in trust, "continue[s] to be under the jurisdiction and control of Congress for all governmental purposes relating to the guardianship and protection of Indians."  United States v. Pelican, 232 U.S. 442, 447 (1914).

---

[19](...continued)
Behalf of Hopi Indian Tribe v. Zah, 792 F. Supp. 1160 (D. Ariz. 1992).

[20]Clay v. U.S., 282 F. 268 (C.C.A. 8th Cir. 1922).

[21]§ 75.

[22]25 U.S.C.A § 348.

[23]Squire v. Capoeman, 351 U.S.1, 76 S. Ct. 611, 100 L. Ed. 883 (1956).

[24]U.S. v. Pelican, 232 U.S. 442, 34 S. Ct. 396, 58 L. Ed. 676 (1914).

ORDER – Motion for Corrected Allotment Certificate                                        - 7 -

The correction of erroneous patents or documents of conveyance is a governmental purpose identified by Congress in the adoption of 43 U.S.C. § 1746.

Beyond any question, Congress intended that the Secretary of the Interior have authority to correct "patents or documents of conveyance." 43 U.S.C. § 1746. Plainly an error has been made in this case; and a failure to correct the BLM conveyancing error exposes the Department of the Interior to liability to Shade for having failed to preserve his road easement across the Chaney allotment. We have two native allotment holders – Shade and Chaney – both of whom are entitled to the beneficial use of their respective native allotments. We have no unrelated third parties who have acquired conflicting interests in the Chaney allotment, fee title to which remains in the United States.

Shade's IBLA appeal of the BLM decision of December 12, 2025, presents an administrative opportunity to correct the conveyancing error in the approval of Chaney's native allotment. Pursuit of that appeal would not be futile because fee title to the Chaney allotment rests in the United States such that the return of the Chaney native allotment for purposes of correcting the conveyancing error is not necessary. Shade's appeal to the IBLA is not very likely to fail; therefore, the absence of a final administrative order is not excused. Shade must exhaust his administrative remedy.

Conclusion

The court is unpersuaded that the Shade appeal of the December 12, 2025, decision of the IBLA will fail. The court is unpersuaded that Shade's appeal to the IBLA would be futile.

Shade's motion for an order directing the BLM to issue a corrected allotment to Chaney is denied for lack of a final administrative decision.

ORDER – Motion for Corrected Allotment Certificate - 8 -

Proceedings as to Count IV of Shade's fourth amended complaint[25] remains stayed pending the conclusion of further administrative proceedings.[26]  Count I of Shade's amended complaint remains with the IBLA based upon Shade's appeal of the December 12, 2025, decision of the BLM.

DATED at Anchorage, Alaska this  23rd  day of March, 2026.


                                          /s/   H. Russel Holland
                                          United States District Judge

---

[25]Docket No. 126.

[26]Docket No. 178.

ORDER – Motion for Corrected Allotment Certificate                                          - 9 -